1 | Von Ryan Reyes, Esq. [SBN 205186]
2 | Steve W. Dollar, Esq. [SBN 104365]
  | Nathaniel R. Lucey, Esq. [SBN 260796]
3 | ERICKSEN ARBUTHNOT
  | 152 North Third Street, Suite 700
4 | San Jose, CA  95112
  | Telephone: (408) 286-0880
5 | Facsimile: (408) 286-0337

6 | Attorneys for Defendant
  | T.C. SERVICES COMPANY, INC. DBA TOP CAT AIR TOOLS

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10

11 | ESTATE OF ARIEL MUNOZ GARCIA, by and through its Successors in Interest, JOCELINE BETZABEC GALVAN REYES, ARIEL ENRIQUE MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes, UZIEL ERNESTO MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes; JOCELINE BETZABEC GALVAN REYES; ARIEL ENRIQUE MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes; UZIEL ERNESTO MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes,

Case Number 14-02840-RS

NOTICE OF MOTION TO CONSOLIDATE ACTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE, RULE 42

ORDER CONSOLIDATE CASES

19 | Plaintiffs,

20 | vs.

21 | TOP CAT AIR TOOLS, an Ohio Corporation; and DOES 1 through 50, Inclusive,

23 | Defendants.

24

25 | IDALIA LOPEZ, individually and as Guardian ad Litem for BRIAN DANIEL MUNOZ LOPEZ, a minor, and GENESIS ISSELA MUNOZ LOPEZ, a minor,

Case Number 14-cv-02780-EMC

27 | Plaintiffs,

28 | vs.

1

NOTICE OF MOTION TO CONSOLIDATE ACTIONS PURSUANT TO FEDERAL RULE OF CIVIL, PROCEDURE, RULE 42.

Estate of Ariel Munoz Garcia v. Top Cat Air Tools
C 14-02840-RS

UNITED ABRASIVES, INC.; TOP CAT AIR
TOOLS and/ or T.C. SERVICE COMPANY; and
DOES 1 through 25, inclusive,

Defendants.

TO ALL APARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on August 28, 2014 at 1:30 p.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 450 Golden Gate Ave, San Francisco, CA 94102 in the courtroom of the Honorable Richard Seeborg, Defendant TC Service Company, Inc. (TCSC) will and hereby does move the Court for an order consolidating the following cases for all purposes pursuant to Federal Rules of Civil Procedure, Rule 42:

1. *Idalia Lopez et. al. v. United Abrasives, Inc. et. al.* Case No. 14-cv-02780-EMC

2. *Estate of Garcia et. al. v. Top Cat Air Tools et. al.* Case No. 14-02840-RS

Defendant TCSC moves for consolidation because the two cases share common questions of law and fact and arise from the March 15, 2012 death of Ariel Munoz Garcia.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, a Request for Judicial Notice, the stipulation of the attorneys in the action, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing.


DATED: July 17, 2014

ERICKSEN ARBUTHNOT


_____/s/_____
VON RYAN REYES, ESQ
STEVE W. DOLLAR, ESQ.
NATHANIEL R. LUCEY, ESQ
Attorneys for Defendant T.C. SERVICES
COMPANY, INC. DBA TOP CAT AIR TOOLS

```
IT IS SO ORDERED THAT pursuant to parties' stipulation to
consolidate, C14-2780 EMC  and C14-2840 EMC are consolidated.
All future filings shall be filed under C14-2780 EMC.
```

_____
Edward M. Chen
U.S. District Judge



2

1  Von Ryan Reyes, Esq. [SBN 205186]
   Steve W. Dollar, Esq. [SBN 104365]
2  Nathaniel R. Lucey, Esq. [SBN 260796]
   ERICKSEN ARBUTHNOT
3  152 North Third Street, Suite 700
   San Jose, CA  95112
4  Telephone: (408) 286-0880
   Facsimile: (408) 286-0337
5
6  Attorneys for Defendant
   T.C. SERVICE COMPANY, INC. DBA TOP CAT AIR TOOLS
7
8              UNITED STATES DISTRICT COURT
9      NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION
10

| | |
|---|---|
| 11  ESTATE OF ARIEL MUNOZ GARCIA, by and through its Successors in Interest, JOCELINE BETZABEC GALVAN REYES, ARIEL ENRIQUE MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes, UZIEL ERNESTO MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes; JOCELINE BETZABEC GALVAN REYES; ARIEL ENRIQUE MUNOZ GALVAN, a  minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes; UZIEL ERNESTO MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes, | Case Number  14-cv-02840-RS  POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 42  DATE: August 28, 2014 TIMEL 1:30 p.m. DEPT: 3 |
| 19                    Plaintiffs, | |
| 20  vs. | |
| 21  TOP CAT AIR TOOLS, an Ohio Corporation; and DOES 1 through 50, Inclusive, | |
| 22                    Defendants. | |
| 24  IDALIA LOPEZ, individually and as Guardian ad Litem for BRIAN DANIEL MUNOZ LOPEZ, a minor, and GENESIS ISSELA MUNOZ LOPEZ, a minor, | Case Number 14-cv-02780-EMC |
| 27                    Plaintiffs, | |

28

1

vs.

UNITED ABRASIVES, INC.; TOP CAT AIR
TOOLS and/ or T.C. SERVICE COMPANY; and
DOES 1 through 25, inclusive,

Defendants.

COMES NOW DEFENDANT T.C. SERVICE COMPANY, INC. DBA TOP CAT AIR TOOLS SUED HEREIN AS TOP CAT AIR TOOLS (hereinafter "TCSC")  and submits its Points and Authorities in support of its Motion to Consolidate the following cases:

*Estate of Garcia v. Top Cat Air Tools* Case No. 3:14-cv-02840-RS

*Lopez v. United Abrasives, et. al.* Case No: 3:14-cv-02780 MEJ

## I.    STATEMENT OF ALLEGED FACTS

On March 15, 2012 at 10:30 pm Ariel Munoz Garcia was at his job at Berkeley Forge and Tool (BFT) when he was struck and killed by a grinding disc manufactured by United Abrasives. The grinding disc had broken free of a grinder manufactured by TCSC operated by decedent's co-worker, Maikel Rodriguez Oliviera.

Decedent's legal wife and his alleged putative wife and their respective children retained separate counsel and filed separate complaints in state court each alleging the same causes of action against TCSC arising from the March 2012 incident. The putative wife and her children also named United Abrasives in their complaint.[1] TCSC subsequently removed both actions to the district court based on diversity jurisdiction. Copies of both complaints are attached to the Request for Judicial Notice as Exhibits A and B. The following chart summarizes the plaintiffs and their relationship with decedent:

| Complaint | Wife Name and Status | Children | Attorney |
|-----------|---------------------|----------|----------|
| Reyes Complaint | Joceline Betzabec Galvan Reyes (Legal Wife) | Uziel Ernesto Munoz Galvan Ariel Enrique Munoz Galvan | Sandra Romero |
| Lopez Complaint | Idalia Lopez (Putative Wife) | Brian Daniel Munoz Lopez, Genesis Issela Munoz Lopez | Fernando Chavez |

Counsel for TCSC has spoken to the attorneys for the respective parties and the parties

---

[1] Counsel for the Reyes Plaintiff has since filed a first amended complaint in state court adding United Abrasives as a defendant. The state court erroneously filed the complaint after receiving notice of the removal. The Reyes Plaintiffs intend to add United Abrasives and another party, SAITECH, to the action.

2

are in agreement that the two cases should be consolidated. Defense counsel for TCSC has filed a signed stipulation and order to this effect in conjunction with this motion. [Exhibit A to Declaration of Nathaniel Lucey].

## II.   LEGAL AUTHORITY

Federal Rules of Civil Procedure, Rule 42(a) states that "[I]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

In exercising its discretion in such regard, the court should weigh the risk of prejudice and possible confusion versus the possibility of inconsistent adjudication of common factual and legal issues, the burden on the parties, witnesses, and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit. *Arnold v. Eastern Air Lines*, 681 F.2d 186, 193 (4th Cir.1982).

## III.   ARGUMENT

### A.   There are common questions of law and fact in both actions.

Consolidation is appropriate given that both plaintiffs' actions arise from the same single event and seek to adjudicate identical factual issues – namely whether there were defects or inadequate warnings in the defendants' respective products that caused or contributed to decedent's death and, if so, what are plaintiffs' damages.

The witness testimony and documentary evidence presented by all parties regarding both liability and amount damages will be the same for both cases. The only evidence where plaintiffs' presentation will presumably differ will be with regard to what portion of the total damages each plaintiff will receive. As discussed below, this issue compels consolidation as it creates the danger the defendants will pay a double recovery.

### B.   Consolidation is necessary given the possibility of inconsistent judgments.

Plaintiffs will be presenting the same facts when it comes to establishing liability if the court tries the actions separately. One jury could find against defendants and award damages and

3

another jury could conclude the opposite. As noted above, the danger of inconsistent verdicts is a primary factor in determining whether consolidation is appropriate.

Assuming there is a finding of liability, a jury would need to apportion damages amongst the plaintiffs. If the cases are tried separately, the defendants would face the possibility of paying the same lost wages twice, once to the Reyes Plaintiffs and once to the Lopez Plaintiffs. In short, the Lopez Plaintiffs are necessary parties to the Reyes action and vice versa since both will be litigating over their respective rights to the same damages.

**C.   Consolidation would preserve the court's resources, relieve the burden on witnesses, and reduce the cost burden for the defendants.**

Trying the cases separately would effectively result in the parties presenting the same case twice. Since both cases arise from the same incident, the issues and consequently the evidence will be virtually identical for each party. By consolidating the cases, the trial court will spare the defendants the additional attorney's fees, litigation costs and expert witness fees of trying the case a second time. Similarly, the Lopez Plaintiffs and Reyes Plaintiffs could consolidate their own financial resources and avoid duplicative deposition costs and expert fees. Finally, consolidation will free the court from hearing duplicative motions and holding a second trial.

## IV.   CONCLUSION

For the reasons set forth above, Defendant TCSC respectfully requests that the Court consolidate the following case numbers for all purposes: 1) *Estate of Garcia v. Top Cat Air Tools* Case No. 3:14-cv-02840-LB; 2) *Lopez v. United Abrasives, et. al.* Case No: 3:14-cv-02780 MEJ

DATED: June 26, 2014

ERICKSEN ARBUTHNOT

/s/
_____
VON RYAN REYES
STEVE W. DOLLAR
NATHANIEL LUCEY
Attorneys for Defendant
TC SERVICE COMPANY, INC.
dba TOP CAT AIR TOOLS

4

1  Von Ryan Reyes, Esq. [SBN 205186]
   Steve W. Dollar, Esq. [SBN 104365]
2  Nathaniel R. Lucey, Esq. [SBN 260796]
   ERICKSEN ARBUTHNOT
3  152 North Third Street, Suite 700
   San Jose, CA  95112
4  Telephone: (408) 286-0880
   Facsimile: (408) 286-0337
5
   Attorneys for Defendant
6  T.C. SERVICES COMPANY, INC. DBA TOP CAT AIR TOOLS
7
8                    UNITED STATES DISTRICT COURT
9        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION
10

| | |
|---|---|
| 11  ESTATE OF ARIEL MUNOZ GARCIA, by and through its Successors in Interest, JOCELINE BETZABEC GALVAN REYES, ARIEL ENRIQUE MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes, UZIEL ERNESTO MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes; JOCELINE BETZABEC GALVAN REYES; ARIEL ENRIQUE MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes; UZIEL ERNESTO MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes, | Case Number 14-cv-02840-RS  DECLARATION OF NATHANIEL R. LUCEY IN SUPPORT OF DEFENDANT TC SERVICES COMPANY'S MOTION TO CONSOLIDATE |
| 19                    Plaintiffs, | |
| 20  vs. | |
| 21  TOP CAT AIR TOOLS, an Ohio Corporation; and DOES 1 through 50, Inclusive, | |
| 23                    Defendants. | |
| 24 | |
| 25  IDALIA LOPEZ, individually and as Guardian ad Litem for BRIAN DANIEL MUNOZ LOPEZ, a minor, and GENESIS ISSELA MUNOZ LOPEZ, a minor, | Case Number 14-cv-02780-EMC |
| 27                    Plaintiffs, | |
| 28  vs. | |

1

UNITED ABRASIVES, INC.; TOP CAT AIR
TOOLS and/ or T.C. SERVICE COMPANY; and
DOES 1 through 25, inclusive,

Defendants.

I, Nathaniel R. Lucey, do hereby declare that:

1.      I am an attorney licensed to practice before all the Courts in the State of California and admitted to practice before the United State District Court, Northern District of California. I am an associate in the firm of Ericksen Arbuthnot, attorneys of record for Defendant TC Services Company Inc.

2.      I have personal knowledge of the facts in this case and would competently testify thereto if called upon to do so.

3.      Attached hereto as **Exhibit A** is a true and correct copy of the stipulation to consolidate signed by the four attorneys representing the parties in this matter. I have spoken to all counsel and they have agreed that consolidation is appropriate here.

4.      Counsel for the Reyes Plaintiffs, Sandra Romero, filed a First Amended Complaint in state court after my office filed and served the Notice of Removal. Ms. Romero has signed the above stipulation but has made an alteration to the stipulation's recital section reflecting the filing of the First Amended Complaint. While the state court permitted Ms. Romero to file the First Amended Complaint, our office believes it did so in error as its jurisdiction ceased upon the filing of the Notice of Removal. Attached hereto as **Exhibit B** is a letter sent to the state court and counsel reflecting that our office believes the filing First Amended Complaint is invalid.

5.      To my knowledge neither the attorney for United Abrasives nor the attorney for the Lopez Plaintiffs has seen Ms. Romero's alteration or agreed to it. While my office does not object to Ms. Romero filing her First Amended Complaint in Federal Court, my signature on the stipulation should not be taken as agreement that the First Amended Complaint filed in state court is valid or that the state court retains jurisdiction of the Lopez case.

6.      I have filed the stipulation so that it includes both the original and Ms. Romero's

NOTICE OF MOTION TO CONSOLIDATE ACTIONS
PURSUANT TO FEDERAL RULE OF CIVIL,
PROCEDURE, RULE 42.

Estate of Ariel Munoz Garcia v. Top Cat Air Tools
C 14-02840-RS

altered version. I would ask that the Court disregard Ms. Romero's alteration and find that the stipulation reflects an agreement between the parties to consolidate. The issue of whether Ms. Romero can file a First Amended Complaint is not relevant to the consolidation issue. Recirculating the stipulation and resolving the dispute over the First Amended Complaint issue will delay consolidation and not serve the goal judicial economy.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 16th day of July, 2014.


_____/Nathaniel R. Lucey/_____
Nathaniel R. Lucey

3

# Exhibit A

1  Von Ryan Reyes, Esq. [SBN 205186]
   Steve W. Dollar, Esq. [SBN 104365]
2  Nathaniel R. Lucey, Esq. [SBN 260796]
   ERICKSEN ARBUTHNOT
3  152 North Third Street, Suite 700
   San Jose, CA  95112
4  Telephone: (408) 286-0880
   Facsimile: (408) 286-0337
5
   Attorneys for Defendant
6  T.C. SERVICES COMPANY, INC. DBA TOP CAT AIR TOOLS
7
8                    UNITED STATES DISTRICT COURT
9        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION
10

| | |
|---|---|
| 11  ESTATE OF ARIEL MUNOZ GARCIA, by and through its Successors in Interest, JOCELINE BETZABEC GALVAN REYES, ARIEL ENRIQUE MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes, UZIEL ERNESTO MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes; JOCELINE BETZABEC GALVAN REYES; ARIEL ENRIQUE MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes; UZIEL ERNESTO MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes, | Case Number C 14-02840-RS<br><br>STIPULATION TO CONSOLIDATE ACTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE, RULE 42 AND PROPOSED ORDER |
| 19              Plaintiffs, | |
| 20  vs. | |
| 21  TOP CAT AIR TOOLS, an Ohio Corporation; and DOES 1 through 50, Inclusive, | |
| 22              Defendants. | |
| 24  IDALIA LOPEZ, individually and as Guardian ad Litem for BRIAN DANIEL MUNOZ LOPEZ, a minor, and GENESIS ISSELA MUNOZ LOPEZ, a minor, | Case Number 14-cv-02780-MEJ |
| 27              Plaintiffs, | |
| 28  vs. | |

1

1 | UNITED ABRASIVES, INC.; TOP CAT AIR
2 | TOOLS and/ or T.C. SERVICE COMPANY; and
DOES 1 through 25, inclusive,

3 | Defendants.

4

5 | ## RECITALS

6 | WHEREFOR THE PARTIES AGREE AS FOLLOWS

7 |     1.    Joceline Betzabec Galvan Reyes individually and as representative of the Estate
8 | of Ariel Munoz Garcia and as guardian ad litem for Ariel Enrique Munoz Galvan, a minor, and
9 | Uziel Ernesto Munoz Galvan, a minor filed a civil action in the Superior Court of California,
10 | Alameda County (hereinafter the "Reyes action") against Defendant TC Service Company, Inc.

11 |     2.    Idalia Lopez individually and as guardian ad litem for Brian Daniel Munoz
12 | Lopez, a minor, and Genesis Issela Munoz Lopez, a minor, filed a civil action in the Superior
13 | Court of California, Alameda County (hereinafter the "Lopez action") against Defendant TC
14 | Service Company, Inc. and United Abrasives, Inc.

15 |     3.    TC Service Company, Inc. removed both the Reyes action and the Lopez action to
16 | federal court based on diversity jurisdiction under Fed. Rule Civ. Pro. 1332.

17 |     4.    Both the Reyes action and Lopez action arise from the death of Ariel Munoz
18 | Garcia on March 15, 2012.

19 |     5.    Both the Reyes Plaintiffs and Lopez Plaintiffs allege that one or both of
20 | Defendants placed defective products into the stream of commerce and that these defective
21 | products caused the death of Mr. Garcia resulting in damages to the Plaintiffs.

22 |     6.    The Reyes Plaintiffs claim they possess standing to sue as they allege they are the
23 | legal spouse and natural children of Mr. Garcia.

24 |     7.    The Lopez Plaintiffs claim they possess standing to sue as they are the putative
25 | wife and natural/putative children of Mr. Garcia.

26 | ## STIPULATION

27 | Wherefore the parties agree as follows:

28 |     1.    That the Lopez action and Reyes action share common questions of fact and law

2

STIPULATION TO CONSOLIDATE ACTIONS        Estate of Ariel Munoz Garcia v. Top Cat Air Tools
PURSUANT TO FEDERAL RULE OF CIVIL,                           C 14-02840-RS
PROCEDURE, RULE 42 AND PROPOSED ORDER

UNITED ABRASIVES, INC., TOP CAT AIR
TOOLS and/ or T.C. SERVICE COMPANY; and
DOES 1 through 25, inclusive,

Defendants.

## **RECITALS**

WHEREFOR THE PARTIES AGREE AS FOLLOWS

1.    Joceline Betzabee Galvan Reyes individually and as representative of the Estate of Ariel Munoz Garcia and as guardian ad litem for Ariel Enrique Munoz Galvan, a minor, and Uziel Ernesto Munoz Galvan, a minor filed a civil action in the Superior Court of California, Alameda County (hereinafter the "Reyes action") against Defendant TC Service Company, Inc. & United Abrasive, Inc.

2.    Idalia Lopez individually and as guardian ad litem for Brian Daniel Munoz Lopez, a minor, and Genesis Issela Munoz Lopez, a minor, filed a civil action in the Superior Court of California, Alameda County (hereinafter the "Lopez action") against Defendant TC Service Company, Inc. and United Abrasives, Inc.

3.    TC Service Company, Inc. removed both the Reyes action and the Lopez action to federal court based on diversity jurisdiction under Fed. Rule Civ. Pro. 1332.

4.    Both the Reyes action and Lopez action arise from the death of Ariel Munoz Garcia on March 15, 2012.

5.    Both the Reyes Plaintiffs and Lopez Plaintiffs allege that one or both of Defendants placed defective products into the stream of commerce and that these defective products caused the death of Mr. Garcia resulting in damages to the Plaintiffs.

6.    The Reyes Plaintiffs claim they possess standing to sue as they allege they are the legal spouse and natural children of Mr. Garcia.

7.    The Lopez Plaintiffs claim they possess standing to sue as they are the putative wife and natural putative children of Mr. Garcia.

## **STIPULATION**

Wherefore the parties agree as follows:

1.    That the Lopez action and Reyes action share common questions of fact and law

2

STIPULATION TO CONSOLIDATE ACTIONS                    Estate of Ariel Munoz Garcia v. Top Cat Air Tools
PURSUANT TO FEDERAL RULE OF CIVIL                                              C 14-02840-RS
PROCEDURE, RULE 42 AND PROPOSED ORDER

1  and trying the cases separately would impose a burden on the parties, witnesses, and judicial

2  resources and could lead to the possibility of inconsistent adjudication of common questions of

3  fact or law:

4      2.    That the two cases be consolidated for all purposes under Rule 42 of the Federal

5  Rules of Civil Procedure.

6  DATED: _____, 2014      Sandra R. Romero, Esq.

7

8                               Ruvalcaba/Romero

9                                Attorneys for Plaintiffs, ESTATE OF ARIEL
                                    MUNOZ GARCIA, et al. (the Reyes action)

10  DATED: JUNE 23, 2014      Fernando F. Chavez, Esq.

11

12

13                                Law Offices of Fernando F. Chavez
                                    Attorneys for Plaintiffs IDALIA LOPEZ, et al.
                                  (the Lopez action)

14

15  DATED: _____, 2014      Nathaniel R. Lucey, Esq.

16

17                                ERICKSEN ARBUTHNOT

18                                Attorneys for Defendant T.C. SERVICES
                                  COMPANY, INC. DBA TOP CAT AIR TOOLS

19

20  DATED: _____, 2014      William H. Staples, Esq.

21

22                                ARCHER NORRIS

23                                Attorneys for Defendant
                                  UNITED ABRASIVES, INC.

24

25

26

27

28

3

STIPULATION TO CONSOLIDATE ACTIONS          Estate of Ariel Munoz Garcia v. Top Cat Air Tools
PURSUANT TO FEDERAL RULE OF CIVIL                          C 14-02840-RS
PROCEDURE, RULE 42 AND PROPOSED ORDER

and trying the cases separately would impose a burden on the parties, witnesses, and judicial resources and could lead to the possibility of inconsistent adjudication of common questions of fact or law;

    2.    That the two cases be consolidated for all purposes under Rule 42 of the Federal Rules of Civil Procedure.

DATED: _____, 2014    Sandra R. Romero, Esq.

_____
Ruvalcaba/Romero
Attorneys for Plaintiffs, ESTATE OF ARIEL
MUNOZ GARCIA, et al. (the Reyes action)

DATED: _____, 2014    Fernando F. Chavez, Esq.

_____
Law Offices of Fernando F. Chavez
Attorneys for Plaintiffs IDALIA LOPEZ, et al.
(the Lopez action)

DATED: July 15, 2014    Nathaniel R. Lucey, Esq.

_____
ERICKSEN ARBUTHNOT
Attorneys for Defendant T.C. SERVICES
COMPANY, INC. DBA TOP CAT AIR TOOLS

DATED: _____, 2014    William H. Staples, Esq.

_____
ARCHER NORRIS
Attorneys for Defendant
UNITED ABRASIVES, INC.

3

and trying the cases separately would impose a burden on the parties, witnesses, and judicial resources and could lead to the possibility of inconsistent adjudication of common questions of fact or law;

2.    That the two cases be consolidated for all purposes under Rule 42 of the Federal Rules of Civil Procedure.

DATED: _July 16_, 2014        Sandra R. Romero, Esq.

_____
Ruvalcaba/Romero
Attorneys for Plaintiffs, ESTATE OF ARIEL
MUNOZ GARCIA, et al. (the Reyes action)

DATED: _____, 2014        Fernando F. Chavez, Esq.

_____
Law Offices of Fernando F. Chavez
Attorneys for Plaintiffs IDALIA LOPEZ, et al.
(the Lopez action)

DATED: _____, 2014        Nathaniel R. Lucey, Esq.

_____
ERICKSEN ARBUTHNOT
Attorneys for Defendant T.C. SERVICES
COMPANY, INC. DBA TOP CAT AIR TOOLS

DATED: _June 23_, 2014        William H. Staples, Esq.

_____
ARCHER NORRIS
Attorneys for Defendant
UNITED ABRASIVES, INC.

3

## ORDER

Based on the agreement of the above parties by and through their respective counsel and upon good cause showing in the moving papers filed by TCSC the Court hereby finds

1.    That the Lopez action and Reyes action share common questions of law and fact;

2.    That trying the cases separately would impose a burden on the parties, witnesses, and judicial resources and could lead to the possibility of inconsistent adjudication of common questions of fact or law.

IT IS THEREFORE ORDERED AS FOLLOWS

The Reyes action (Case No. 14-cv-02840-RS) and Lopez action (Case No: 14-cv-02780 MEJ) shall be consolidated for all purposes and shall be tried together. The consolidated matters shall be assigned to the Honorable _____ of the _____ Division of the United States District Court, Northern District of California.

DATED: _____          _____
                                      U.S. District Court Judge

4

# Exhibit B



**ERICKSEN ARBUTHNOT**
*Attorneys at Law*

152 North Third Street

Suite 700

San Jose, CA

95112 5569

T: 408.286.0880

F: 408.286.0337

ericksenarbuthnot.com

CALIFORNIA

OFFICES:

Los Angeles

San Francisco

San Jose

Oakland

Sacramento

Fresno

Bakersfield

Walnut Creek

June 27, 2014

Hon. Stephen Kaus
Hayward Hall of Justice
Dept. 514
24405 Amador Street
Hayward, CA 94544
Fax: (510) 267-1584

    Re:    Estate of Ariel Munoz Garcia v. Top Cat Air Tools, Inc.
           Case No. HG14717301

Dear Judge Kaus:

My office was recently served with the First Amended Complaint in the above matter which the clerk filed on June 25, 2014. My office filed a Notice of Removal with the clerk on June 20, 2014 and served notice on plaintiffs' counsel. Reviewing the Court's online database, the clerk noted this removal notice as a miscellaneous notice and is apparently still accepting filings in the matter. Also the case management conference is still on calendar.

Removal of a state action to Federal Court takes effect once a defendant files notice of removal with the state court and serves notice on the parties. No further order from the district court is required. Removal enjoins the state court from taking any further action in the proceeding. 28 USC 1446(d).

The case currently has a case number in district court (14-CV-02840) and has been assigned to the Hon. Richard Seeborg in the San Francisco Division. We ask that the state court vacate the current Case Management Conference and not proceed any further in the above-titled action unless and until the matter is remanded to the court. A copy of the removal notice is enclosed for your review.

Very truly yours,

ERICKSEN ARBUTHNOT

NATHANIEL R. LUCEY

Enclosure

cc: Court Clerk
     Sandra Romero
     William Staples

ENDORSED
FILED
ALAMEDA COUNTY

2014 JUN 20 PM 6: 36

CLERK OF THE SUPERIOR COURT

BY: _____ J. DALEY ___ DEPUTY

1  Von Ryan Reyes, Esq. (SBN 205186)
   Steve W. Dollar, Esq. (SBN 104365)
2  Nathaniel Lucey, Esq. (SBN 260796)
   ERICKSEN ARBUTHNOT
3  152 North Third Street, Suite 700
   San Jose, CA 95112
4  Telephone: (408) 286-0880
   Facsimile: (408) 286-0337
5
   Attorneys for Defendant
6  TC SERVICE COMPANY, INC. DBA TOP CAT AIR TOOLS

7

8            SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

9                        UNLIMITED JURISDICTION

10

11  ESTATE OF ARIEL MUNOZ GARCIA, by and          Case Number: HG14717301
    through its Successors in Interest, JOCELINE
12  BETZABEC GALVAN REYES, ARIEL                   NOTICE TO ADVERSE PARTY OF
    ENRIQUE MUONOZ GALVAN, a minor by and         REMOVAL TO FEDERAL COURT
13  through his Guardian ad Litem, Joceline Betzabec   BASED ON FED. RULE CIV. PROC.,
    Galvan Reyes, UZIEL ERNESTO MUNOZ            RULE 1332 [DIVERSITY]
14  GALVAN, a minor by and through his Guardian
    ad Litem, Joceline Betzabec Galvan Reyes;
15  JOCELINE BETZABEC GALVAN REYES;
    ARIEL ENRIQUE MUNOZ GALVAN, a minor
16  by and through his Guardian ad Litem, Joceline
    Betzabec Galvan Reyes; UZIEL ERNESTO
17  MUNOZ GALVAN, a minor by and through his
    Guardian ad Litem, Joceline Betzabec Galvan
18  Reyes,

19          Plaintiffs,

20  vs.

21  TOP CAT AIR TOOLS, an Ohio Corporation; and
    DOES 1 through 50, Inclusive,
22
            Defendants.
23

24

25  TO PLAINTIFFS AND THEIR ATTORNEY OF RECORD:

26      PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the

27  United States District Court for the Northern District of California, Oakland Division on June 19,

28  2014.

                                       1

BY FAX

1         A copy of the said Notice of Removal is attached to this Notice, and is served and filed

2    herewith.

3    DATED: June 19, 2014

4    ERICKSEN ARBUTHNOT

5

6    _____

7    VON RYAN REYES
     NATHANIEL LUCEY
     Attorneys for Defendant

8    TC SERVICE COMPANY INC. dba TOP CAT AIR TOOLS

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT BASED ON FED. RULE CIV.
PROC., RULE 1332 [DIVERSITY]

1  Von Ryan Reyes, Esq. [SBN 205186]
   Steve W. Dollar, Esq. [SBN 104365]
2  Nathaniel R. Lucey, Esq. [SBN 260796]
   ERICKSEN ARBUTHNOT
3  152 North Third Street, Suite 700
   San Jose, CA  95112
4  Telephone: (408) 286-0880
   Facsimile: (408) 286-0337
5
6  Attorneys for Defendant
   T.C. SERVICES COMPANY, INC. DBA TOP CAT AIR TOOLS
7
8                  UNITED STATES DISTRICT COURT
9        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION
10

| | |
|---|---|
| 11  ESTATE OF ARIEL MUNOZ GARCIA, by and through its Successors in Interest, JOCELINE BETZABEC GALVAN REYES, ARIEL ENRIQUE MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes, UZIEL ERNESTO MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes; JOCELINE BETZABEC GALVAN REYES; ARIEL ENRIQUE MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes; UZIEL ERNESTO MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes, | Case Number 14-cv- 02840-RS REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO CONSOLIDATE ACTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE, RULE 42 DATE: August 28, 2014 TIME: 1:30 p.m. DEPT.: 3 |
|         Plaintiffs, | |
| vs. | |
| TOP CAT AIR TOOLS, an Ohio Corporation; and DOES 1 through 50, Inclusive, | |
|         Defendants. | |
| IDALIA LOPEZ, individually and as Guardian ad Litem for BRIAN DANIEL MUNOZ LOPEZ, a minor, and GENESIS ISSELA MUNOZ LOPEZ, a minor, | Case Number 14-cv-02780-EMC |
|         Plaintiffs, | |
| vs. | |

1

---

NOTICE OF MOTION TO CONSOLIDATE ACTIONS                    Estate of Ariel Munoz Garcia v. Top Cat Air Tools
PURSUANT TO FEDERAL RULE OF CIVIL,                                              C 14-02840-RS
PROCEDURE, RULE 42.

UNITED ABRASIVES, INC.; TOP CAT AIR
TOOLS and/ or T.C. SERVICE COMPANY; and
DOES 1 through 25, inclusive,

Defendants.

COMES NOW DEFENDANT TC SERVICE COMPANY, INC. DBA TOP CAT AIR
TOOLS SUED HEREIN AS TOP CAT AIR TOOLS (hereinafter "TCSC")  and submits its
Request for Judicial Notice in Support of Motion to Consolidate Actions Pursuant to Federal
Rule Of Civil Procedure, Rule 42.

Pursuant to Federal Rule of Evidence, Rule 201 TCSC requests the Court take judicial
notice of the Complaints filed by the plaintiff's in the following cases[1]:

1.    *Idalia Lopez et. al. v. United Abrasives, Inc. et. al.*  Case No. 14-cv-02780-MEJ

2.    *Estate of Garcia et. al. v. Top Cat Air Tools et. al.* Case No. 14-02840-RS

Copies of each of the above complaints are attached to this Request as Exhibit "A" and
"B."

DATED: July 17, 2014

ERICKSEN ARBUTHNOT

/s/

_____
VON RYAN REYES, ESQ
STEVE W. DOLLAR, ESQ.
NATHANIEL R. LUCEY, ESQ
Attorneys for Defendant T.C. SERVICES
COMPANY, INC. DBA TOP CAT AIR TOOLS

---

[1] Both Plaintiffs originally filed their actions in state court. TCSC removed the actions to federal court based on
FRCP 1332 diversity jurisdiction.

2

# Exhibit A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TOP CAT AIR TOOLS, an Ohio Corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ESTATE OF ARIEL MUNOZ GARCIA, ("Attachment A")

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Alameda County Superior Court | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|

24405 Amador Street
Hayward, California 94544

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Sandra Romero, Esq., Fax Number (805) 275-1061; 1082 E. Meta St., Ventura, CA 93001; (805) 233-3273

| DATE:<br>*(Fecha)* | Clerk, by<br>*(Secretario)* _____ | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

by and through its Successors in Interest, JOCELINE BETZABEC GALVAN REYES, ARIEL ENRIQUE MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes, UZIEL ERNESTO MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes; JOCELINE BETZABEC GALVAN REYES; ARIEL ENRIQUE MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes; UZIEL ERNESTO MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes

**ATTACHMENT A**

RUVALCABA|ROMERO
LAWYERS
1082 East Main Street
VENTURA, CALIFORNIA 93001
TEL. (805) 233-3273
FAX. (805) 275-1051

SANDRA R. ROMERO, State Bar No. 253275

Attorneys for ___Plaintiffs___

(SP)"FILED BY FAX"ONLY
ALAMEDA COUNTY
March 13, 2014
CLERK OF
THE SUPERIOR COURT
By Burt Moskaira, Deputy
CASE NUMBER:
HG14717301

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| ESTATE OF ARIEL MUNOZ GARCIA, by and through its Successors in Interest, JOCELINE BETZABEC GALVAN REYES, ARIEL ENRIQUE MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes, UZIEL ERNESTO MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes; JOCELINE BETZABEC GALVAN REYES; ARIEL ENRIQUE MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes; UZIEL ERNESTO MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes, | CASE NO. |
| | COMPLAINT FOR WRONGFUL DEATH |
| | 1. Negligence<br>2. Strict Products Liability<br>3. Negligent Products Liability<br>4. Breach of Implied and Express Warranties<br>5. Survival Action |
| Plaintiffs, | |
| vs. | DEMAND FOR JURY TRIAL |
| TOP CAT AIR TOOLS, an Ohio Corporation; and DOES 1 through 50, inclusive, | |
| Defendants. | |

COME NOW the plaintiffs, by and through its Successors in Interest, JOCELINE BETZABEC GALVAN REYES, ARIEL ENRIQUE MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes, UZIEL ERNESTO MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes; JOCELINE BETZABEC GALVAN REYES; ARIEL ENRIQUE MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes; UZIEL ERNESTO MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes, and for causes of action against defendants TOP CAT AIR TOOLS, an Ohio corporation; and DOES 1 through 50, and each of them, allege:

## GENERAL ALLEGATIONS

1.      Plaintiff JOCELINE BETZABEC GALVAN REYES is the surviving spouse of Ariel Munoz Garcia, Plaintiffs' decedent. ARIEL ENRIQUE MUNOZ GALVAN and UZIEL ERNESTO MUNOZ GALVAN, are the surviving minor children, respectively, of Ariel Munoz Garcia, Plaintiffs' decedent. Plaintiffs JOCELINE BETZABEC GALVAN REYES, ARIEL ENRIQUE MUNOZ GALVAN and UZIEL ERNESTO MUNOZ GALVAN are decedent ARIEL MUNOZ GARCIA's successors in interest pursuant to California *Code of Civil Procedure* § 377.10 and they have declared themselves as such as required by California *Code of Civil Procedure* § 377.32.  (See Declarations of JOCELINE BETZABEC GALVAN REYES, ARIEL ENRIQUE MUNOZ GALVAN and UZIEL ERNESTO MUNOZ GALVAN.)

2.      Plaintiffs JOCELINE BETZABEC GALVAN REYES, ARIEL ENRIQUE MUNOZ GALVAN and UZIEL ERNESTO MUNOZ GALVAN respectively as individuals assert causes of action.

3.      The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 50, inclusive, and each of them, are unknown to plaintiffs, who therefore sue said defendants by such fictitious names.  Plaintiffs are informed and believe and thereupon allege that each of the defendants fictitiously named

- 2 -
COMPLAINT

herein as a DOE is legally responsible, negligently or in some other actionable manner, for the events and happenings referred to, and thereby proximately caused the injuries to Plaintiffs as hereinafter alleged. Plaintiffs will seek leave of court to amend this Complaint and state the true names and/or capacities of said fictitiously named defendants when the same have been ascertained.

4.    Plaintiffs are informed and believe and thereupon allege that at all times mentioned herein, defendants, and each of them, including DOES 1 through 100, inclusive, and each of them, were the agents, employers, servants, employees and/or joint venturers of their co-defendants, and each was, as such, acting within the course, scope and authority of said agency, employment and/or venture, and that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other defendant as an agent, employee and/or joint venturer.

5.    At all times mentioned herein, ARIEL MUNOZ GARCIA was a resident of Contra Costa County, State of California.

6.    At all times mentioned herein, JOCELINE BETZABEC GALVAN REYES was a resident of Calera Victor Rosales, Zacatecas.

7.    At all times mentioned herein, ARIEL ENRIQUE MUNOZ GALVAN was a resident of Calera Victor Rosales, Zacatecas.

8.    At all times mentioned herein, UZIEL ERNESTO MUNOZ GALVAN was a resident of Calera Victor Rosales, Zacatecas.

9.    Plaintiffs are informed and believe and thereupon allege that at all times mentioned herein, defendant TOP CAT AIR TOOLS, was a State of Ohio corporation.

10.    Plaintiffs are informed and believe and thereupon allege that at all times mentioned herein, defendants TOP CAT AIR TOOLS and DOES 1 through 50, inclusive, and each of them, owned, managed, operated, controlled, serviced, repaired, maintained, manufactured, designed, distributed, assembled, the grinder operated by Maikel

- 3 -
COMPLAINT

Rodriguez Oliveria, operating said grinder at Berkeley Forge & Tool in Berkeley, California.

11.    At all times mentioned herein, on or about March 15, 2012, at approximately 2232 hours, decedent ARIEL MUNOZ GARCIA was properly welding performing all of his usual and customary job duties at Berkeley Forge & Tool when the grinder (SUBJECT GRINDER) that Maikel Rodriguez Oliveria was operating malfunctioned after the grinding wheel detached and broke off causing a fragment of the grinding wheel to strike the back of decedent ARIEL MUNOZ GARCIA's head (SUBJECT INCIDENT).

12.    Plaintiffs are informed and believe and thereupon allege that at all times mentioned herein, defendants TOP CAT AIR TOOLS and DOES 1 through 50, inclusive, and each of them, and their employees, officers, employers and agents, negligently, carelessly, recklessly, intentionally, willfully, or in some other actionable manner, failed to inspect, maintain, control, manage, service, equip, install, design, manufacture and repair the SUBJECT GRINDER and failed to keep the SUBJECT GRINDER away from decedent ARIEL MUNOZ GARCIA, Berkeley Forge & Tool and Maikel Rodriguez Oliveria on said time and date, so that welders working at Berkeley Forge & Tool, such as decedent ARIEL MUNOZ GARCIA, would not come into contact with the SUBJECT GRINDER, a grinder that dangerously mounted any grinding wheel irrespective of its revolutions per minutes, which proximately caused decedent ARIEL MUNOZ GARCIA to suffer fatal injuries.

## FIRST CAUSE OF ACTION
### NEGLIGENCE
**(Plaintiffs As Against Defendant TOP CAT AIR TOOLS and DOES 1 through 50, inclusive)**

13.    Plaintiffs reallege and incorporate by reference herein each of the allegations contained in paragraphs 1 through 12, inclusive, of the General Allegations, above.

14. Plaintiffs are informed and believe and thereupon allege that at all times mentioned herein, on or about March 15, 2012, at approximately 2232 hours, decedent ARIEL MUNOZ GARCIA was properly welding at Berkeley Forge & Tool properly wearing a mask.

15. Plaintiffs are informed and believe and thereupon allege that at all times mentioned herein, defendants TOP CAT AIR TOOLS and DOES 1 through 50, inclusive, and each of them, had control over the SUBJECT GRINDER at said time and date and had a duty to properly operate, maintain, control, manage, inspect, service, install, repair and equip the SUBJECT GRINDER. This duty includes, but is not limited to, the design and/or manufacture of a grinder that will not mount an incompatible grinding wheel; install a large guard on the SUBJECT GRINDER to protect persons in the surrounding area such as decedent ARIEL MUNOZ GARCIA; equip the SUBJECT GRINDER with features that will not allow the SUBJECT GRINDER to operate unless a compatible wheel is properly installed; include safety features on the SUBJECT GRINDER; use ordinary care and skill in the design and/or the manufacturing of the SUBJECT GRINDER for the safety of the public; design and/or manufacture grinders that are not hazardous to the public; design and/or manufacture grinders that do not have any malfunctioning and/or defective equipment; design and/or manufacture grinders with a functioning guard.

16. Plaintiffs are informed and believe and thereupon allege that at all times mentioned herein, defendants TOP CAT AIR TOOLS and DOES 1 through 50, inclusive, and each of them, negligently, recklessly, carelessly, intentionally and willfully, failed to inspect, maintain, manage, service, control, operate, design, manufacture, repair, alter, install and equip the SUBJECT GRINDER. Defendants TOP CAT AIR TOOLS and DOES 1 through 50, inclusive, and each of them also failed to manufacture and/or design a grinder that will not mount an incompatible grinding wheel; install a large guard on the SUBJECT GRINDER to protect persons in the surrounding area such as decedent ARIEL MUNOZ GARCIA; equip the SUBJECT GRINDER with features that will not allow the

SUBJECT GRINDER to operate unless a compatible wheel is properly installed; include safety features on the SUBJECT GRINDER; use ordinary care and skill in the design and/or the manufacturing of the SUBJECT GRINDER for the safety of the public, design and/or manufacture grinders that are not hazardous to the public; design and/or manufacture grinders that do not have any malfunctioning and/or defective equipment; design and/or manufacture grinders with a functioning guard; keep the SUBJECT GRINDER away from ARIEL MUNOZ GARCIA, Berkeley Forge & Tool and Maikel Rodriguez Oliveria, knowing that, or in the exercise of reasonable care should have known, that the SUBJECT GRINDER was dangerously mounted incompatible grinding wheels without having a large guard to protect bystanders, such as decedent ARIEL MUNOZ GARCIA, form a bursting grinding wheel, yet defendants TOP CAT AIR TOOLS DOES 1 through 50, inclusive, and each of them, continued to operate, control, manage, distribute, sell, manufacture, and/or allow the SUBJECT GRINDER to be used by Berkeley Forge & Tool subjecting decedent ARIEL MUNOZ GARCIA to unreasonable, probable, and substantial risk of injury or death. Defendants TOP CAT AIR TOOLS DOES and DOES 1 through 50, allowed the SUBJECT GRINDER to be used by Berkeley Forge & Tool and its employees, so as to cause or create a dangerous, unsafe, and hazardous condition thereby subjecting decedent ARIEL MUNOZ GARCIA, to unreasonable, probable, and substantial risk of injury or death. These actions and omissions constituted a dangerous condition and unreasonable risk of harm to those who would foreseeable be near the SUBJECT GRINDER while in operation at said time and date and which danger would not be apparent to persons such as decedent ARIEL MUNOZ GARCIA. Defendants TOP CAT AIR TOOLS and DOES 1 through 50, inclusive, and each of them, negligently, carelessly, recklessly, intentionally, willfully or in some other actionable manner, failed to inspect, maintain, repair, service, equip, control, manage, install, design, manufacture or take steps to make the condition safe or warn decedent ARIEL MUNOZ GARCIA of the dangerous condition, all of which proximately

- 6 -
COMPLAINT

caused fatal injuries to decedent ARIEL MUNOZ GARCIA and plaintiffs to sustain the damages described more fully below.

17.    As a direct and proximate result of the conduct of the defendants, and each of them, including DOES 1 through 50, inclusive, and each of them, as aforesaid, plaintiffs sustained the loss of love, affection, society, service, comfort, loss of consortium, support, right of support, expectations of future support and counseling, companionship, solace and mental support, as well as other benefits and assistance, of decedent ARIEL MUNOZ GARCIA, all to their general damage in a sum in excess of $100,000 each, which will be stated according to proof, in accordance with section 425.10 of the California *Code of Civil Procedure*.

18.    As a direct and proximate result of the conduct of the defendants, and each of them, including DOES 1 through 50, inclusive, and each of them, plaintiffs have incurred medical, funeral and burial expenses in an amount to be shown at trial.

### SECOND CAUSE OF ACTION
### STRICT PRODUCTS LIABILITY
### (As Against Defendant TOP CAT AIR TOOLS and DOES 1 through 50)

19. Plaintiffs reallege and incorporate by reference herein each of the allegations contained in paragraphs 1 through 12, inclusive, of the General Allegations, including paragraphs of the First Cause of Action, inclusive, above.

20.    Plaintiffs are informed and believe, and thereupon allege, that at all times herein mentioned, defendants TOP CAT AIR TOOLS and DOES 1 through 50, inclusive and each of them, by and through their officers, directors, employees and/or managing agents, were the manufactures, fabricators, designers, assemblers, testers, distributors, sellers, inspectors, marketers, warrantors, lessors, renters, suppliers, modifiers, providers and/or advertisers of the SUBJECT GRINDER that was being used by Maikel Rodriguez Oliveria at the time of the SUBJECT GRINDER which contained design and/or manufacturing defects, and every components part thereof, and which was capable of

- 7 -

causing, and in fact, did cause personal injuries and death to the users, consumers and bystanders thereof, including ARIEL MUNOZ GARCIA, while the SUBJECT GRINDER was being used in a manner reasonably foreseeable, thereby rendering unsafe and dangerous for use by the consumer, user and bystander. Defendants TOP CAT AIR TOOLS and DOES 1 through 50, and each of them, by and through their officers, directors, employees and/or managing agents, also failed to provide adequate warnings or instructions to consumers and users of the SUBJECT GRINDER concerning the significant dangers associated with the SUBJECT GRINDER and/or its component parts, or to instruct consumers and users regarding the use of the SUBJECT GRINDER, and warned or failed to warn, and instructed or failed to instruct, anticipated users, consumers and bystanders of the SUBJECT GRINDER, concerning use and dangers of the SUBJECT GRINDER.

21. Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, the SUBJECT GRINDER, was defective when placed on the market by defendants TOP CAT AIR TOOLS and DOES 1 through 50, and each of them, and was of such a nature that the defects would not be discovered in the normal course of inspection and operation by users thereof. At all times relevant herein, the SUBJECT GRINDER was in substantially the same condition as it was when it was originally placed into the stream of commerce by defendants TOP CAT AIR TOOLS and DOES 1 through 50, inclusive and each of them.

22. Defendants TOP CAT AIR TOOLS and DOES 1 though 50, inclusive, and each of them, by and through their officers, directors, employees and/or managing agents, designed, tested, manufactured, and distributed grinders, including the SUBJECT GRINDER, to their retailers and customers. The SUBJECT GRINDER, contained design/manufacturing defect, including design characteristics that increased the likelihood of a grinding wheel breaking off while being used in a reasonably foreseeable manner.

23.     Prior to the SUBJECT INCIDENT, the officers, directors, employees and/or managing agents of defendants TOP CAT AIR TOOLS and DOES 1 through 50, inclusive and each of them, should have been aware of the danger of mounting an incompatible grinding wheel, not having a large guard to protect bystanders and users, not having safety guards, not having safety features, not having appropriate warning labels, and the severity of the risk of injury or death to consumers, users and bystanders to the SUBJECT GRINDER, and failed to incorporate alternative designs/warnings into their grinders, including the SUBJECT GRINDER, that would have supplied reasonable preventive measures to such grinders.

24.     Plaintiffs are informed and believe, and thereupon allege, that on or about March 15, 2012 at approximately 2232 hours the SUBJECT GRINDER, was being used in a reasonably foreseeable manner. As a direct and proximate result of the defective condition of the SUBJECT GRINDER, and the conduct of defendants TOP CAT AIR TOOLS and DOES 1 through 50, inclusive and each of them, ARIEL MUNOZ GARCIA sustained fatal injuries from the SUBJECT INCIDENT.

25.     As a direct and proximate result of the conduct of defendants TOP CAT AIR TOOLS, and each of them, including DOES 1 though 50, inclusive, and each of them, as aforesaid, plaintiffs sustained the loss of love, affection, society, service, comfort, loss of consortium, support, right of support, expectations of future support and counseling, companionship, solace and mental support, as well as other benefits and assistance, of decedent ARIEL MUNOZ GARCIA, all to their general damage in a sum in excess of $100,000 each, which will be stated according to proof, in accordance with section 425.10 of the California *Code of Civil Procedure*.

26.     As a direct and proximate result of the conduct of defendant TOP CAT AIR TOOLS, and each of them, including DOES 1 through 50, inclusive, and each of them, plaintiffs have incurred medical, funeral and burial expenses in an amount to be shown at trial.

### THIRD CAUSE OF ACTION
### NEGLIGENT PRODUCTS LIABILITY
### (As Against Defendant TOP CAT AIR TOOLS and DOES 1 through 50)

27. Plaintiffs reallege and incorporate by reference herein each of the allegations

contained in paragraphs 1 through 12, inclusive, of the General Allegations, including paragraphs of the First and Second Causes of Action, inclusive, above.

28. Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, defendant TOP CAT AIR TOOLS and DOES 1 through 50, inclusive, and each of them, were engaged in the business of manufacturing, fabricating, designing, assembling, distributing, buying, selling, inspecting, testing, analyzing, servicing, repairing, marketing, warranting, maintaining, modifying, altering, controlling, installing, fitting, entrusting, managing, advertising, supervising the use of making representations about and/or warning of defects in, or dangers associated with the use of said SUBJECT GRINDER, including all component parts thereof, and had a duty to manufacture, fabricate, design, synthesize, assemble, distribute, buy, sell, inspect, test, analyze service, repair, market, warrant, maintain, modify, alter, control, install, fit, entrust, manage, advertise, supervise the use of, make representations about and/or warn of defects in, or dangers associated with the use of, the said product, including all component parts thereof, in a reasonable manner, defendants knew, or in the exercise of reasonable care should have known, would be used without inspection for defects or dangers.

29. Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, defendant TOP CAT AIR TOOLS and DOES 1 through 50, inclusive, and each of them, breached their above-mentioned duties by negligently, recklessly, and/or carelessly manufacturing, fabricating, designing, synthesizing, assembling, distributing, buying, selling, inspecting, testing, analyzing, servicing, repairing, marketing, warranting, maintaining, modifying, altering, controlling, installing, fitting,

- 10 -
COMPLAINT

entrusting, managing, advertising, supervising the use of, making representations about, warning and/or failing to warn of defects in, or dangers associated with the use of, the SUBJECT GRINDER, including all or some component part thereof, thereby rendering the said product unsafe and dangerous for use by consumers, users and bystanders, which proximately caused the death of decedent ARIEL MUNOZ GARCIA, as alleged herein.

30.    As a direct and proximate result of the conduct of defendant TOP CAT AIR TOOLS, and each of them including DOES 1 through 100, inclusive, and each of them, as aforesaid, plaintiffs sustained the loss of love, affection, society, service, comfort, loss of consortium, support, right of support, expectations of future support and counseling, companionship, solace and mental support, as well as other benefits and assistance, of decedent ARIEL MUNOZ GARCIA, all to their general damage in a sum in excess of $100,000 each, which will be stated according to proof, in accordance with section 425.10 of the California *Code of Civil Procedure.*

31.    As a direct and proximate result of the conduct of defendants TOP CAT AIR TOOLS, and each of them, including DOES 1 through 50, inclusive, and each of them, plaintiffs have incurred medical, funeral and burial expenses in an amount to be shown at trial.

## FOURTH CAUSE OF ACTION
### BREACH OF IMPLIED AND EXPRESS WARRANTIES
### (Plaintiffs As Against Defendant TOP CAT AIR TOOLS and DOES 1 through 100, inclusive)

32. Plaintiffs reallege and incorporate by reference herein each of the allegations contained in paragraphs 1 through 12, inclusive, of the General Allegations, and including paragraphs of the First, Second and Third Causes of Action, inclusive, above.

33.    Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, defendants TOP CAT AIR TOOLS, and DOES 1 through 50, inclusive, and each of them, expressly or impliedly warranted to users that the SUBJECT

GRINDER, including, all component parts thereof, were (a) of merchantable quality, (b) fit for use by or around users, consumers and/or bystanders and/or for the purpose for which there were to be used, and (c) free from design and manufacturing defects.

34.     Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, the SUBJECT GRINDER was (a) not of merchantable quality, (b) not fit for use and/or for the purpose for which they were to be used, and/or (c) not free from design or manufacturing defects. Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, the SUBJECT GRINDER was defectively manufactured and/or designed and imminently dangerous to consumers, users and bystanders, in that they were capable of causing, and in fact did cause, personal injuries and death to the users, consumers or bystanders thereof, while being used in a manner reasonably foreseeable, thereby rendering same unsafe and dangerous for use by the consumers, users or bystanders.

35.     As a direct and proximate result of the conduct of the defendants TOP CAT AIR TOOLS, and each of them including DOES 1 through 50, inclusive, and each of them, as aforesaid, plaintiffs sustained the loss of love, affection, society, service, comfort, loss of consortium, support, right of support, expectations of future support and counseling, companionship, solace and mental support, as well as other benefits and assistance, of decedent ARIEL MUNOZ GARCIA, all to their general damage in a sum in excess of $100,000 each, which will be stated according to proof, in accordance with section 425.10 of the California *Code of Civil Procedure*.

36.     As a direct and proximate result of the conduct of the defendants TOP CAT AIR TOOLS, and each of them, including DOES 1 through 50, inclusive, and each of them, plaintiffs have incurred medical, funeral and burial expenses in an amount to be shown at trial.

## FIFTH CAUSE OF ACTION
### SURVIVAL ACTION

**(ESTATE OF ARIEL MUNOZ GARCIA As Against Defendant TOP CAT AIR TOOLS and DOES 1 through 50, inclusive)**

37.    Plaintiffs reallege and incorporate by reference herein each of the allegations contained in paragraphs 1 through 12, inclusive, of the General Allegations, including paragraphs of the First, Second, Third and Fourth Causes of Action, inclusive, above.

38.    As a legal result of the aforesaid actions of the defendant, and DOES 1 through 50, inclusive, and each of them, ARIEL MUNOZ GARCIA died on or about March 15, 2012. Decedent had causes of action for negligence and products liability, as set forth herein against defendant and DOES 1 through 50, inclusive, and each of them, at the time of her death.

39. As a direct and proximate result of the acts and/or omissions of the defendant, and DOES 1 through 50, inclusive, and each of them, as herein alleged, decedent ARIEL MUNOZ GARCIA did incur damage to his personal property in an amount to be shown at trial.


WHEREFORE, plaintiffs, and each of them, pray judgment against defendant, DOES 1 through 50, and each of them, as follows:

1.    For general damages for loss of love, affection, care, society, service, comfort, loss of consortium support, right to support, companionship, solace or moral support, expectations of future support and counseling, as well as other benefits and assistance of decedent ARIEL MUNOZ GARCIA, which will be stated according to proof, which sum is in excess of $100,000;

2.    For funeral and burial expenses, according to proof;

3.    For hospital, medical, professional and incidental expenses, according to proof;

4.    For prejudgment interest, according to proof;

5.    For damages for plaintiffs' other economic losses, according to proof;

6.    For general damages in an amount as will be shown pursuant to California *Code of Civil Procedure* section 425.10, which amount is in excess of $100,000, according to proof;

7.    For pre-trial interest, according to proof;

8.    For such other and further relief as this Court may deem just and proper.

DATED:  March 13, 2014          RUVALCABA | ROMERO

                                   Sandra Romero
                                   Attorneys for Plaintiffs

1

## DEMAND FOR JURY TRIAL

2

3   Plaintiffs, ESTATE OF ARIEL MUNOZ GARCIA, by and through its Successors in

4   Interest, JOCELINE BETZABEC GALVAN REYES, ARIEL ENRIQUE MUNOZ

    GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan

5   Reyes, UZIEL ERNESTO MUNOZ GALVAN, a minor by and through his Guardian ad

6   Litem, Joceline Betzabec Galvan Reyes; JOCELINE BETZABEC GALVAN REYES; ARIEL

7   ENRIQUE MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline

8   Betzabec Galvan Reyes; UZIEL ERNESTO MUNOZ GALVAN, a minor by and through

9   his Guardian ad Litem, Joceline Betzabec Galvan Reyes, hereby demand a trial by jury.

10

11   DATED: March 13, 2014          RUVALCABA | ROMERO

12

13

14                                   Sandra Romero,
                                     Attorneys for Plaintiffs
15

16

17

18

19

20

21

22

23

24

25

26

27

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Sandra Romero, Esq. (SBN 253275) | |

Fax Number (805) 275-1061
1082 East Meta Street
Ventura, California 93001
TELEPHONE NO.: (805) 233-3273     FAX NO.: (805) 275-1061
ATTORNEY FOR *(Name)*: Plaintiffs Estate of Ariel Munoz Garcia, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward 94544
BRANCH NAME: Hayward Civil Court

CASE NAME:
Plaintiffs Estate of Ariel Munoz Garcia, et al. v. Top Cat Air Tools, Inc.

**FILED BY FAX**
**ALAMEDA COUNTY**
March 13, 2014
**CLERK OF**
**THE SUPERIOR COURT**
By Burt Moskaira, Deputy
**CASE NUMBER:**
**HG14717301**

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ✓ Unlimited (Amount demanded exceeds $25,000) | Limited (Amount demanded is $25,000 or less) | Counter | Joinder | |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [✓] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify)*:
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 3-13-2014

Sandra Romero, Esq.
_____
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

CIV-010

| ATTORNEY (Name, State Bar number, and address): | FILED BY FAX |
|---|---|
| Sandra Romero, Esq. (Bar No. 253275)<br>Fax Number (805) 275-1061<br>1082 East Meta Street, Ventura, California 93001<br>Ventura, California 93001<br>TELEPHONE NO.: (805) 233-3273  FAX NO. (Optional): (805) 275-1061<br>E-MAIL ADDRESS (Optional): sromero@romerolaw.us<br>ATTORNEY FOR (Name): Plaintiffs Estate of Ariel Munoz Garcia, et al. | ALAMEDA COUNTY<br>March 13, 2014<br>CLERK OF<br>THE SUPERIOR COURT<br>By Burt Moskaira, Deputy<br>CASE NUMBER:<br>HG14717301 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward 94544
BRANCH NAME: Civil Court

PLAINTIFF/PETITIONER: Estate of Ariel Munoz Garcia, et al.

DEFENDANT/RESPONDENT: Top Cat Air Tools, et al.

| APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL<br>☐ EX PARTE | CASE NUMBER: |
|---|---|

**NOTE:** This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.

1. Applicant (name): Joceline Betzabec Galvan Reyes                    is
   a. ☑ the parent of (name): Ariel Enrique Munoz Galvan
   b. ☐ the guardian of (name):
   c. ☐ the conservator of (name):
   d. ☐ a party to the suit.
   e. ☐ the minor to be represented (if the minor is 14 years of age or older).
   f. ☐ another interested person (specify capacity):

2. This application seeks the appointment of the following person as guardian ad litem (state name, address, and telephone number):
   Joceline Betzabec Galvan Reyes, Calle Carrucel 100 Pnt., Colonia Explanada De La Feria, Calera Victor Rosales, Zacatecas, 98500; (478) 798-4849

3. The guardian ad litem is to represent the interests of the following person (state name, address, and telephone number):
   Ariel Enrique Munoz Galvan, Calle Carrucel 100 Pnt., Colonia Explanada De La Feria, Calera Victor Rosales, Zacatecas, 98500; (478) 798-4849

4. The person to be represented is:
   a. ☑ a minor (date of birth): 11/16/1999
   b. ☐ an incompetent person.
   c. ☐ a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. ☑ the person named in item 3 has a cause or causes of action on which suit should be brought (describe):
      wrongful death, negligence, products liability, etc.

☐ Continued on Attachment 5a.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-010 [Rev. January 1, 2008] | APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL | Code of Civil Procedure,<br>§ 372 et seq. |
|---|---|---|

CIV-010

| PLAINTIFF/PETITIONER: Estate of Ariel Munoz Garcia, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Top Cat Air Tools, et al. | |

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

   c. ☐ the person named in item 3 has no guardian or conservator of his or her estate.

   d. ☑ the appointment of a guardian ad litem is necessary for the following reasons (specify):

   Civil action.

   ☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:
   a. ☑ related (state relationship):  mother
   b. ☐ not related (specify capacity):

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. (If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):

   ☐ Continued on Attachment 7.

Sandra Romero, Esq.
_____         ► _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: 3-13-14

Joceline Betzabec Galvan Reyes
_____         X _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.
Date: 3-13-14

Joceline Betzabec Galvan Reyes
_____         X _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

## ORDER  ☐ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that (name): Joceline Betzabec Galvan Reyes
is hereby appointed as the guardian ad litem for (name): Ariel Enrique Munoz Galvan
for the reasons set forth in item 5 of the application.
Date:

_____
JUDICIAL OFFICER
☐ SIGNATURE FOLLOWS LAST ATTACHMENT

CIV-010 [Rev. January 1, 2008]        **APPLICATION AND ORDER FOR APPOINTMENT**        Page 2 of 2
                                      **OF GUARDIAN AD LITEM—CIVIL**

CIV-010

| | |
|---|---|
| ATTORNEY (Name, State Bar number, and address):<br>Sandra Romero, Esq. (Bar No. 253275)<br>Fax Number (805) 275-1061<br>Ruvalcaba \| Romero<br>1082 East Meta Street, Ventura, California 93001<br>TELEPHONE NO.: (805) 233-3273   FAX NO. (Optional): (805) 275-1061<br>E-MAIL ADDRESS (Optional): sromero@romerolaw.us<br>ATTORNEY FOR (Name): Plaintiffs Estate of Ariel Munoz Garcia, et al. | **FILED BY FAX**<br>ALAMEDA COUNTY<br>March 13, 2014<br>CLERK OF<br>THE SUPERIOR COURT<br>By Burt Moskaira, Deputy<br>CASE NUMBER:<br>**HG14717301** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward 94544
BRANCH NAME: Hayward Civil Court

PLAINTIFF/PETITIONER: Estate of Ariel Munoz Garcia, et al.

DEFENDANT/RESPONDENT: Top Cat Air Tools, et al.

| APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL<br>☐ EX PARTE | CASE NUMBER: |
|---|---|

NOTE: *This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.*

1. Applicant (name): Joceline Betzabec Galvan Reyes                                    is
   a. ☑ the parent of (name): Uziel Ernesto Muñoz Galván
   b. ☐ the guardian of (name):
   c. ☐ the conservator of (name):
   d. ☐ a party to the suit.
   e. ☐ the minor to be represented (if the minor is 14 years of age or older).
   f. ☐ another interested person (specify capacity):

2. This application seeks the appointment of the following person as guardian ad litem (state name, address, and telephone number):
   Joceline Betzabec Galvan Reyes, Calle Carrucel 100 Pnt., Colonia Explanada De La Feria, Calera Victor Rosales, Zacatecas, 98500; (478) 798-4849

3. The guardian ad litem is to represent the interests of the following person (state name, address, and telephone number):
   Uziel Ernesto Muñoz Galván, Calle Carrucel 100 Pnt., Colonia Explanada De La Feria, Calera Victor Rosales, Zacatecas, 98500; (478) 798-4849

4. The person to be represented is:
   a. ☑ a minor (date of birth): 8/27/2001
   b. ☐ an incompetent person.
   c. ☐ a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. ☑ the person named in item 3 has a cause or causes of action on which suit should be brought (describe):
      wrongful death, negligence, products liability, etc.

☐ Continued on Attachment 5a.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-010 [Rev. January 1, 2008]

**APPLICATION AND ORDER FOR APPOINTMENT
OF GUARDIAN AD LITEM—CIVIL**

Code of Civil Procedure,
§ 372 et seq.

CIV-010

| | |
|---|---|
| PLAINTIFF/PETITIONER: Estate of Ariel Muñoz Garcia, et al. | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Top Cat Air Tools, et al. | |

5.  b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

   c. ☐ the person named in item 3 has no guardian or conservator of his or her estate.

   d. ☑ the appointment of a guardian ad litem is necessary for the following reasons (specify):

   Civil action.

   ☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:
   a. ☑ related (state relationship):   mother
   b. ☐ not related (specify capacity):

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. (If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):

   ☐ Continued on Attachment 7.

Sandra Romero, Esq.
_____
(TYPE OR PRINT NAME)                                               (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: 3-13-14

Joceline Betzabec Galvan Reyes
_____
(TYPE OR PRINT NAME)                                               (SIGNATURE OF APPLICANT)

**CONSENT TO ACT AS GUARDIAN AD LITEM**

I consent to the appointment as guardian ad litem under the above petition.
Date: 3-13-14

Joceline Betzabec Galvan Reyes
_____
(TYPE OR PRINT NAME)                                               (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

**ORDER** ☐ **EX PARTE**

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that (name): Joceline Betzabec Galvan Reyes
is hereby appointed as the guardian ad litem for (name): Uziel Ernesto Muñoz Galván
for the reasons set forth in item 5 of the application.

Date: _____                    JUDICIAL OFFICER
                                                  ☐ SIGNATURE FOLLOWS LAST ATTACHMENT

Page 2 of 2

CIV-010 [Rev. January 1, 2008]          **APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*

Romero, Sandra
1082 East Meta Street
Ventura, CA   93001
TELEPHONE NO:  (805) 233-3273                    FAX NO:
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(name):*   Joceline Betzabec Galvan
Reyes

NAME OF COURT:  Superior Court of California, County of Alameda
STREET ADDRESS:  Hayward Hall of Justice
MAILING ADDRESS:  24405 Amador Street
CITY AND ZIP CODE:  Hayward, CA  94544
BRANCH NAME:

PLAINTIFF/PETITIONER:   Estate of Ariel Munoz Garcy,

DEFENDANT/RESPONDENT:   Top Cat Air Tools, an Ohio C

*FOR RECORDER'S USE ONLY*

CASE NUMBER:
HG14717301

## ORDER ON COURT FEE WAIVER (SUPERIOR COURT)

*Read this form carefully.  This is a court order.*

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees.  If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.)  If you win your case, the trial court may order the other side to pay the fees.  If you settle your civil case for **$10,000** or more, the trial court will have a lien on the settlement in the amount of the waived fees.  The trial court may not dismiss the case until the lien is paid.

1.  Request Re: Waive Court Fees was filed on: 03/13/2014
2.  Person who asked the court to waive court fees:  Joceline Betzabec Galvan Reyes
3.  After reviewing your *Request Re: Waive Court Fees* **the court grants your request and makes the following orders:**

The court grants the request for waiver of court fees and costs. (Cal. Rules of Court, rule 3.55 (if you are on appeal, rules 8.26 and 8.818))  You do not have to pay the court fees for the following:
Filing papers in superior court
Making copies and certifying copies
Giving notice and certificates
Sending papers to another court department
Court-appointed interpreter in small claims court
Sheriff's fee to give notice
Reporter's daily fee (valid for 60 days)
Court fees for phone hearing
Preparing/Certifying clerk's transcript on appeal

Date: 03/13/2014

*Facsimile*
*[signature]*
_____
Judicial Officer

**The fee waiver ends.** This fee waiver expires 60 days after the judgment, dismissal, or other final disposition of the case or earlier if a court finds that you are not eligible for a fee waiver.



**Request for Accommodations.** Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before your hearing. Contact the clerk's office for *Request for Accommodation,* form MC-410.

This is a Court Order
**Order on Court Fee Waiver (Superior Court)**

HG14717301

Superior Court of California, County of Alameda
Hayward Hall of Justice

Case Number:  HG14717301
Waive Court Fees of 03/13/2014

# DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addressed as shown on the foregoing document or on the attached, and that the mailing of the foregoing and execution of this certificate occurred at 24405 Amador Street, Hayward, California.

Executed on 03/18/2014.

Executive Officer / Clerk of the Superior Court

By _Debra Furtado_
Digital

Deputy Clerk

RUVALCABA|ROMERO
LAWYERS
1092 East Meta Street
VENTURA, CALIFORNIA 93001
TEL. (805) 233-3273
FAX. (805) 275-1061

SANDRA R. ROMERO, State Bar No. 253275

Attorneys for ___Plaintiffs___

<sp>'FILED BY FAX'<only>
ALAMEDA COUNTY
March 13, 2014
CLERK OF
THE SUPERIOR COURT
By Burt Moskaira, Deputy

CASE NUMBER:
HG14717301

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

ESTATE OF ARIEL MUNOZ GARCIA, by and through its Successors in Interest, JOCELINE BETZABEC GALVAN REYES, ARIEL ENRIQUE MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes, UZIEL ERNESTO MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes; JOCELINE BETZABEC GALVAN REYES; ARIEL ENRIQUE MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes; UZIEL ERNESTO MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes,

Plaintiffs,

vs.

TOP CAT AIR TOOLS, an Ohio Corporation; and DOES 1 through 50, inclusive,

Defendants.

CASE NO.

**DECLARATION OF SUCCESSOR IN INTEREST PURSUANT TO** *CODE OF CIVIL PROCEDURE § 377.32*

- 1 -
DECLARATION OF JOCELINE BETZABEC GALVAN REYES

## DECLARATION OF JOCELINE BETZABEC GALVAN REYES

I, JOCELINE BETZABEC GALVAN REYES, in accordance with the provisions of Section 377.32 of the California *Code of Civil Procedure*, declare and say that:

1.     The decedent's name is ARIEL MUNOZ GARCIA.

2.     The decedent died on March 15, 2012, in the County of Alameda, State of California.

3.     No proceeding is now pending in California for the administration of the decedent's estate.

4.     This declarant, as the wife of ARIEL MUNOZ GARCIA at the time of his death, is the decedent's successor in interest, as defined in Code of Civil Procedure §377.11, and to the estate of decedent, and to succeed decedent's interest in the action.

5.     No other person has a superior right to commence this action or to be substituted for decedent in this action.

///
///
///
///
///
///
///
///
///

/// 

6.     Attached to this declaration is a certified copy of the death certificate of the decedent, ARIEL MUNOZ GARCIA.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this **13** day of March 1~~2~~, 2014 at _Zacatecas_ .

X_____
JOCELINE BETZABEC GALVAN REYES
Declarant

# CITY OF BERKELEY
## DEPARTMENT OF HEALTH SERVICES

### CERTIFICATE OF DEATH
STATE OF CALIFORNIA
USE BLACK INK ONLY / NO ERASURES, WHITEOUTS OR ALTERATIONS

3201261000160

| STATE FILE NUMBER | | | LOCAL REGISTRATION NUMBER |
|---|---|---|---|

**DECEDENT'S PERSONAL DATA**

| 1. NAME OF DECEDENT—FIRST (Given) | 2. MIDDLE | 3. LAST (Family) |
|---|---|---|
| ARIEL | | MUNOZ-GARCIA |

| AKA, ALSO KNOWN AS – Include full AKA (FIRST, MIDDLE, LAST) | 4. DATE OF BIRTH mm/dd/ccyy | 5. AGE Yrs. | IF UNDER ONE YEAR Months / Days | IF UNDER 24 HOURS Hours / Min | 6. SEX |
|---|---|---|---|---|---|
| ARIEL - MUNOZ-GARCIA JR | 02/05/1982 | 30 | | | M |

| 7. DATE OF DEATH mm/dd/ccyy | 8. HOUR (24 Hours) |
|---|---|
| 03/15/2012 | 2219 |

| 9. BIRTH STATE/FOREIGN COUNTRY | 10. SOCIAL SECURITY NUMBER | 11. EVER IN U.S. ARMED FORCES? | 12. MARITAL STATUS/SRDP* (at Time of Death) |
|---|---|---|---|
| MEXICO | | ☐ YES ☒ NO ☐ UNK | MARRIED |

| 13. EDUCATION – Highest Level/Degree (see worksheet on back) | 14/15. WAS DECEDENT HISPANIC/LATINO/A/SPANISH? (if yes, see worksheet on back) | 16. DECEDENT'S RACE – Up to 3 races may be listed (see worksheet on back) |
|---|---|---|
| HS GRADUATE | ☒ YES MEXICAN | MEXICAN |

| 17. USUAL OCCUPATION – Type of work for most of life. DO NOT USE RETIRED | 18. KIND OF BUSINESS OR INDUSTRY (e.g., grocery store, road construction, employment agency, etc.) | 19. YEARS IN OCCUPATION |
|---|---|---|
| WELDER | INDUSTRIAL METAL SHOP | 3 |

**USUAL RESIDENCE**

| 20. DECEDENT'S RESIDENCE (Street and number, or location) |
|---|
| 3400 RICHMOND PARKWAY #3711 |

| 21. CITY | 22. COUNTY/PROVINCE | 23. ZIP CODE | 24. YEARS IN COUNTY | 25. STATE/FOREIGN COUNTRY |
|---|---|---|---|---|
| SAN PABLO | CONTRA COSTA | 94806 | 10 | CA |

**INFORMANT**

| 26. INFORMANT'S NAME, RELATIONSHIP | 27. INFORMANT'S MAILING ADDRESS (Street and number, or rural route number, city or town, state and zip) |
|---|---|
| IDALIA LOPEZ, WIFE | 3400 RICHMOND PARKWAY #3711, SAN PABLO, CA 94806 |

**SPOUSE/SRDP AND PARENT INFORMATION**

| 28. NAME OF SURVIVING SPOUSE/SRDP—FIRST | 29. MIDDLE | 30. LAST (BIRTH NAME) |
|---|---|---|
| IDALIA | I. | LOPEZ |

| 31. NAME OF FATHER/PARENT—FIRST | 32. MIDDLE | 33. LAST | 34. BIRTH STATE |
|---|---|---|---|
| ARIEL | - | MUNOZ SR. | MEXICO |

| 35. NAME OF MOTHER/PARENT—FIRST | 36. MIDDLE | 37. LAST (BIRTH NAME) | 38. BIRTH STATE |
|---|---|---|---|
| MARTA | - | GARCIA | MEXICO |

**FUNERAL DIRECTOR/LOCAL REGISTRAR**

| 39. DISPOSITION DATE mm/dd/ccyy | 40. PLACE OF FINAL DISPOSITION |
|---|---|
| 03/24/2012 | ROLLING HILLS MEMORIAL PARK 4100 HILLTOP DR., RICHMOND, CA 94803 |

| 41. TYPE OF DISPOSITION(S) | 42. SIGNATURE OF EMBALMER | 43. LICENSE NUMBER |
|---|---|---|
| BU | ▶ ALEX GAYLOR | EMB7019 |

| 44. NAME OF FUNERAL ESTABLISHMENT | 45. LICENSE NUMBER | 46. SIGNATURE OF LOCAL REGISTRAR | 47. DATE mm/dd/ccyy |
|---|---|---|---|
| WILSON & KRATZER | FD195 | ▶ JANET BERREMAN, MD, MPH | 03/21/2012 |

**PLACE OF DEATH**

| 101. PLACE OF DEATH | 102. IF HOSPITAL, SPECIFY ONE | | | | 103. IF OTHER THAN HOSPITAL, SPECIFY ONE | | | |
|---|---|---|---|---|---|---|---|---|
| BERKELEY FORGE AND TOOL | ☐ IP | ☐ ER/OP | ☐ DOA | | ☐ Hospice | ☐ Nursing Home/LTC | ☐ Decedent's Home | ☒ Other |

| 104. COUNTY | 105. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number, or location) | 106. CITY |
|---|---|---|
| ALAMEDA | 1330 SECOND STREET | BERKELEY |

**CAUSE OF DEATH**

| 107. CAUSE OF DEATH | Enter the chain of events — diseases, injuries, or complications — that directly caused death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. | Time Interval Between Onset and Death |
|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) (A) BLUNT FORCE TRAUMA TO THE HEAD WITH PENETRATING FOREIGN BODY | | SECS |

| 108. DEATH REPORTED TO CORONER? | 2012-00287 |
|---|---|
| 109. BIOPSY PERFORMED? ☐ YES ☒ NO | |

Sequentially list conditions, if any, leading to cause on Line A. Enter UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST
(B) _____ (C) _____ (D) _____

| 110. AUTOPSY PERFORMED? ☒ YES ☐ NO |
|---|
| 111. USED IN DETERMINING CAUSE? ☒ YES ☐ NO |

| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 |
|---|
| NONE |

| 113. WAS OPERATION PERFORMED FOR ANY CONDITION (ITEM 107 OR 112? (if yes, list type of operation and date.) | 113A. IF FEMALE, PREGNANT IN LAST YEAR? |
|---|---|
| NO | ☐ YES ☐ NO ☐ UNK |

**PHYSICIAN'S CERTIFICATION**

| 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. | 115. SIGNATURE AND TITLE OF CERTIFIER | 116. LICENSE NUMBER | 117. DATE mm/dd/ccyy |
|---|---|---|---|
| ☐ Decedent Attended Since mm/dd/ccyy | ☐ Decedent Last Seen Alive mm/dd/ccyy | | |
| | 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE | | |

**CORONER'S USE ONLY**

| 119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. | 120. INJURED AT WORK? | 121. INJURY DATE mm/dd/ccyy | 122. HOUR (24 Hours) |
|---|---|---|---|
| 119A. MANNER OF DEATH ☐ Natural ☒ Accident ☐ Suicide ☐ Homicide ☐ Pending Investigation ☐ Could not be determined | ☒ YES ☐ NO | 03/15/2012 | 2219 |

| 123. PLACE OF INJURY (e.g., home, construction site, wooded area, etc.) |
|---|
| INDUSTRIAL METAL SHOP |

| 124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) |
|---|
| STRUCK IN HEAD WITH BROKEN GRINDER WHEEL |

| 125. LOCATION OF INJURY (Street and number, or location, and city, and zip) |
|---|
| 1330 SECOND STREET, BERKELEY, CA 94703 |

| 126. SIGNATURE OF CORONER / DEPUTY CORONER | 127. DATE mm/dd/ccyy | 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER |
|---|---|---|
| ▶ ANTHONY GOGNA | 03/19/2012 | ANTHONY GOGNA, DEPUTY CORONER |

| STATE REGISTRAR | A | B | C | D | E | FAX AUTH.# | CENSUS TRACT |
|---|---|---|---|---|---|---|---|
| | | | | | | *010001002019278* | |

This is to certify that this document is a true copy of the official record filed with the City of Berkeley.
Janet M. Berreman, MD, MPH, Local Registrar and Health Officer

by: _signature_

LOCAL REGISTRAR AND HEALTH OFFICER

DATE ISSUED

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

PENCO (Rev) 1989

*000411535*
MAR 29 2012



RUVALCABA|ROMERO
LAWYERS
1082 East Main Street
VENTURA, CALIFORNIA 93001
TEL. (805) 233-5273
FAX. (805) 275-1061

SANDRA R. ROMERO, State Bar No. 253275

Attorneys for   Plaintiffs

<sup>(SP·</sup>FILED BY FAX<sup>ONLY</sup>
ALAMEDA COUNTY
March 13, 2014
CLERK OF
THE SUPERIOR COURT
By Burt Moskaira, Deputy
CASE NUMBER:
HG14717301

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

ESTATE OF ARIEL MUNOZ GARCIA, by
and through its Successors in Interest,
JOCELINE BETZABEC GALVAN REYES,
ARIEL ENRIQUE MUNOZ GALVAN, a
minor by and through his Guardian ad
Litem, Joceline Betzabec Galvan Reyes,
UZIEL ERNESTO MUNOZ GALVAN, a
minor by and through his Guardian ad
Litem, Joceline Betzabec Galvan Reyes;
JOCELINE BETZABEC GALVAN REYES;
ARIEL ENRIQUE MUNOZ GALVAN, a
minor by and through his Guardian ad
Litem, Joceline Betzabec Galvan Reyes;
UZIEL ERNESTO MUNOZ GALVAN, a
minor by and through his Guardian ad
Litem, Joceline Betzabec Galvan Reyes,

Plaintiffs,

vs.

TOP CAT AIR TOOLS, an Ohio
Corporation; and DOES 1 through 50,
inclusive,

Defendants.

CASE NO.

DECLARATION OF SUCCESSOR IN
INTEREST PURSUANT TO *CODE OF
CIVIL PROCEDURE § 377.32*

- 1 -

DECLARATION OF UZIEL ERNESTO MUNOZ GALVAN

1

2

**DECLARATION OF JOCELINE BETZABEC GALVAN REYES, Guardian ad Litem for UZIEL ERNESTO MUNOZ GALVAN, a minor**

3

4

5
     I, JOCELINE BETZABEC GALVAN REYES, Guardian ad Litem for UZIEL ERNESTO

6
MUNOZ GALVAN, a minor, in accordance with the provisions of Section 377.32 of the

7
California *Code of Civil Procedure*, declare and say that:

8

9
     1.    The decedent's name is ARIEL MUNOZ GARCIA.

10

11
     2.    The decedent died on March 15, 2012, in the County of Alameda, State of

12
California.

13

14
     3.    No proceeding is now pending in California for the administration of the

15
decedent's estate.

16

17
     4.    UZIEL ERNESTO MUNOZ GALVAN, as the decedent's minor son, is the

18
decedent's successor in interest, as defined in Code of Civil Procedure §377.11, and to the estate

19
of decedent, and to succeed decedent's interest in the action.  This declarant is acting as the

20
Guardian ad Litem for the minor UZIEL ERNESTO MUNOZ GALVAN for purposes of this

21
lawsuit.

22

23
     5.    No other person has a superior right to commence this action or to be substituted

24
for decedent in this action.

///

25
///

26
///

27
///

///

- 2 -

DECLARATION OF UZIEL ERNESTO MUNOZ GALVAN

6.    Attached to this declaration is a certified copy of the death certificate of the decedent, ARIEL MUNOZ GARCIA.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this **13** day of March, 2014 at _____.

_____
JOCELINE BETZABEC GALVAN REYES, Guardian ad Litem for
UZIEL ERNESTO MUNOZ GALVAN, a minor

# CITY OF BERKELEY
## DEPARTMENT OF HEALTH SERVICES

**CERTIFICATE OF DEATH**
STATE OF CALIFORNIA
USE BLACK INK ONLY / NO ERASURES, WHITEOUTS OR ALTERATIONS
VS-11(REV 3/05)

3201261000160

STATE FILE NUMBER | LOCAL REGISTRATION NUMBER

| DECEDENT'S PERSONAL DATA | | | |
|---|---|---|---|
| 1. NAME OF DECEDENT – FIRST (Given) ARIEL | 2. MIDDLE | 3. LAST (Family) MUNOZ-GARCIA | |
| AKA, ALSO KNOWN AS – Include full AKA (FIRST, MIDDLE, LAST) ARIEL - MUNOZ-GARCIA JR | | 4. DATE OF BIRTH (First) 02/05/1982 | 5. AGE Yrs. 30 — IF UNDER ONE YEAR Months/Days — IF UNDER 24 HOURS Hours/Minutes — 6. SEX M |
| | | 7. DATE OF DEATH mm/dd/ccyy 03/15/2012 | 8. HOUR (24 Hours) 2219 |
| 9. BIRTH STATE/FOREIGN COUNTRY MEXICO | 10. SOCIAL SECURITY NUMBER | 11. EVER IN U.S. ARMED FORCES? YES [X] NO UNK | 12. MARITAL STATUS/SRDP (at Time of Death) MARRIED |
| 13. EDUCATION – Highest Level/Degree (see worksheet on back) HS GRADUATE | 14/15. WAS DECEDENT HISPANIC/LATINO(A)/SPANISH? (see worksheet on back) [X] YES MEXICAN | 16. DECEDENT'S RACE – Up to 3 races may be listed (see worksheet on back) MEXICAN | |
| 17. USUAL OCCUPATION – Type of work for most of life. DO NOT USE RETIRED WELDER | 18. KIND OF BUSINESS OR INDUSTRY (e.g., grocery store, road construction, employment agency, etc.) INDUSTRIAL METAL SHOP | | 19. YEARS IN OCCUPATION 3 |

| USUAL RESIDENCE | | | |
|---|---|---|---|
| 20. DECEDENT'S RESIDENCE (Street and number, or location) 3400 RICHMOND PARKWAY #3711 | | | |
| 21. CITY SAN PABLO | 22. COUNTY/PROVINCE CONTRA COSTA | 23. ZIP CODE 94806 | 24. YEARS IN COUNTY 10 | 25. STATE/FOREIGN COUNTRY CA |

| INFORMANT | | |
|---|---|---|
| 26. INFORMANT'S NAME, RELATIONSHIP IDALIA LOPEZ, WIFE | 27. INFORMANT'S MAILING ADDRESS (Street and number, or rural route number, city or town, state and zip) 3400 RICHMOND PARKWAY #3711, SAN PABLO, CA 94806 | |

| SPOUSE/SRDP AND PARENT INFORMATION | | | |
|---|---|---|---|
| 28. NAME OF SURVIVING SPOUSE/SRDP – FIRST IDALIA | 29. MIDDLE I. | 30. LAST (BIRTH NAME) LOPEZ | |
| 31. NAME OF FATHER/PARENT – FIRST ARIEL | 32. MIDDLE - | 33. LAST MUNOZ SR. | 34. BIRTH STATE MEXICO |
| 35. NAME OF MOTHER/PARENT – FIRST MARTA | 36. MIDDLE - | 37. LAST (BIRTH NAME) GARCIA | 38. BIRTH STATE MEXICO |

| FUNERAL DIRECTOR / LOCAL REGISTRAR | | | |
|---|---|---|---|
| 39. DISPOSITION DATE mm/dd/ccyy 03/24/2012 | 40. PLACE OF FINAL DISPOSITION ROLLING HILLS MEMORIAL PARK 4100 HILLTOP DR., RICHMOND, CA 94803 | | |
| 41. TYPE OF DISPOSITION(S) BU | 42. SIGNATURE OF EMBALMER ▶ ALEX GAYLOR | | 43. LICENSE NUMBER EMB7019 |
| 44. NAME OF FUNERAL ESTABLISHMENT WILSON & KRATZER | 45. LICENSE NUMBER FD195 | 46. SIGNATURE OF LOCAL REGISTRAR ▶ JANET BERREMAN, MD, MPH | 47. DATE mm/dd/ccyy 03/21/2012 |

| PLACE OF DEATH | | | |
|---|---|---|---|
| 101. PLACE OF DEATH BERKELEY FORGE AND TOOL | 102. IF HOSPITAL, SPECIFY ONE — IP / ER/OP / DOA | 103. IF OTHER THAN HOSPITAL, SPECIFY ONE — Hospice / Nursing Home/LTC / Decedent's Home / [X] Other | |
| 104. COUNTY ALAMEDA | 105. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number, or location) 1330 SECOND STREET | | 106. CITY BERKELEY |

| CAUSE OF DEATH | | | |
|---|---|---|---|
| 107. CAUSE OF DEATH — Enter the chain of events — diseases, injuries, or complications — that directly caused the death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. | | Time Interval Between Onset and Death | 108. DEATH REPORTED TO CORONER? YES [X] NO |
| IMMEDIATE CAUSE (Final disease or condition resulting in death) (A) BLUNT FORCE TRAUMA TO THE HEAD WITH PENETRATING FOREIGN BODY | | SECS | 109. REFERRAL NUMBER 2012-00287 |
| Sequentially list conditions, if any, leading to cause on Line A. Enter UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) last (B) | | | 110. BIOPSY PERFORMED? YES [X] NO |
| (C) | | | 111. AUTOPSY PERFORMED? [X] YES NO |
| (D) | | | 111. USED IN DETERMINING CAUSE? [X] YES NO |
| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 NONE | | | 113. IF FEMALE, PREGNANT IN LAST YEAR? YES NO UNK |
| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? (If yes, list type of operation and date.) NO | | | |

| PHYSICIAN'S CERTIFICATION | | | |
|---|---|---|---|
| 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. Decedent Attended Since __ mm/dd/ccyy / Decedent Last Seen Alive __ mm/dd/ccyy | 115. SIGNATURE AND TITLE OF CERTIFIER ▶ | 116. LICENSE NUMBER | 117. DATE mm/dd/ccyy |
| | 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE | | |

| CORONER'S USE ONLY | | | |
|---|---|---|---|
| 119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. MANNER OF DEATH Natural / [X] Accident / Homicide / Suicide / Pending Investigation / Could not be determined | 120. INJURED AT WORK? [X] YES NO UNK | 121. INJURY DATE mm/dd/ccyy 03/15/2012 | 122. HOUR (24 Hours) 2219 |
| 123. PLACE OF INJURY (e.g., home, construction site, wooded area, etc.) INDUSTRIAL METAL SHOP | | | |
| 124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) STRUCK IN HEAD WITH BROKEN GRINDER WHEEL | | | |
| 125. LOCATION OF INJURY (Street and number, or location, and city, and zip) 1330 SECOND STREET, BERKELEY, CA 94703 | | 127. DATE mm/dd/ccyy 03/19/2012 | 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER ANTHONY GOGNA, DEPUTY CORONER |
| 126. SIGNATURE OF CORONER / DEPUTY CORONER ▶ ANTHONY GOGNA | | | |

| STATE REGISTRAR | A | B | C | D | E | FAX AUTH.# | CENSUS TRACT |
|---|---|---|---|---|---|---|---|

*00001002019276*

---

This is to certify that this document is a true copy of the official record filed with the City of Berkeley.
Janet M. Berreman, MD, MPH, Local Registrar and Health Officer

by: _(signature)_

LOCAL REGISTRAR AND HEALTH OFFICER     DATE ISSUED

*000411535*

MAR 29 2012



This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.




RUVALCABA|ROMERO
LAWYERS
1082 East Mets Street
VENTURA, CALIFORNIA 93001
TEL. (805) 233-3273
FAX. (805) 275-1061

SANDRA R. ROMERO, State Bar No. 253275

Attorneys for ___Plaintiffs___

(SP) **FILED BY FAX** ONLY
ALAMEDA COUNTY

March 13, 2014

CLERK OF
THE SUPERIOR COURT
By Burt Moskaira, Deputy

CASE NUMBER:
**HG14717301**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| ESTATE OF ARIEL MUNOZ GARCIA, by and through its Successors in Interest, JOCELINE BETZABEC GALVAN REYES, ARIEL ENRIQUE MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes, UZIEL ERNESTO MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes; JOCELINE BETZABEC GALVAN REYES; ARIEL ENRIQUE MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes; UZIEL ERNESTO MUNOZ GALVAN, a minor by and through his Guardian ad Litem, Joceline Betzabec Galvan Reyes, <br><br> Plaintiffs, <br><br> vs. <br><br> TOP CAT AIR TOOLS, an Ohio Corporation; and DOES 1 through 50, inclusive, <br><br> Defendants. | CASE NO. <br><br> **DECLARATION OF SUCCESSOR IN INTEREST PURSUANT TO** *CODE OF CIVIL PROCEDURE § 377.32* |

- 1 -
DECLARATION OF ARIEL ENRIQUE MUNOZ GALVAN

### DECLARATION OF JOCELINE BETZABEC GALVAN REYES, Guardian ad Litem for ARIEL ENRIQUE MUNOZ GALVAN, a minor

I, JOCELINE BETZABEC GALVAN REYES, Guardian ad Litem for ARIEL ENRIQUE MUNOZ GALVAN, a minor, in accordance with the provisions of Section 377.32 of the California *Code of Civil Procedure*, declare and say that:

1. The decedent's name is ARIEL MUNOZ GARCIA.

2. The decedent died on March 15, 2012, in the County of Alameda, State of California.

3. No proceeding is now pending in California for the administration of the decedent's estate.

4. ARIEL ENRIQUE MUNOZ GALVAN, as the decedent's minor son, is the decedent's successor in interest, as defined in Code of Civil Procedure §377.11, and to the estate of decedent, and to succeed decedent's interest in the action. This declarant is acting as the Guardian ad Litem for the minor ARIEL ENRIQUE MUNOZ GALVAN for purposes of this lawsuit.

5. No other person has a superior right to commence this action or to be substituted for decedent in this action.

///
///
///
///
///

///

6.    Attached to this declaration is a certified copy of the death certificate of the decedent, ARIEL MUNOZ GARCIA.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this **13** day of March, 2014 at _____ .

_____
JOCELINE BETZABEC GALVAN REYES, Guardian ad Litem for
ARIEL ENRIQUE MUNOZ GALVAN, a minor


# CITY OF BERKELEY
## DEPARTMENT OF HEALTH SERVICES

### CERTIFICATE OF DEATH
STATE OF CALIFORNIA
USE BLACK INK ONLY / NO ERASURES, WHITEOUTS OR ALTERATIONS
VS-11 (REV. 1/99)

3201261000160

| LOCAL REGISTRATION NUMBER |
|---|

**DECEDENT'S PERSONAL DATA**

| 1. NAME OF DECEDENT—FIRST (Given) | 2. MIDDLE | 3. LAST (Family) |
|---|---|---|
| ARIEL | | MUNOZ-GARCIA |

AKA, ALSO KNOWN AS – Include full AKA (FIRST, MIDDLE, LAST)
ARIEL - MUNOZ-GARCIA JR

| 4. DATE OF BIRTH mm/dd/ccyy | 5. AGE Yrs. | IF UNDER ONE YEAR Months / Days | IF UNDER 24 HOURS Hours / Mins | 6. SEX |
|---|---|---|---|---|
| 02/05/1982 | 30 | | | M |

| 9. BIRTH STATE/FOREIGN COUNTRY | 10. SOCIAL SECURITY NUMBER | 11. EVER IN U.S. ARMED FORCES? | 12. MARITAL STATUS AT TIME OF DEATH | 7. DATE OF DEATH mm/dd/ccyy | 8. HOUR (24 Hours) |
|---|---|---|---|---|---|
| MEXICO | | YES [X] NO / UNK | MARRIED | 03/15/2012 | 2219 |

| 13. EDUCATION – Highest Level/Degree | 14/15. WAS DECEDENT HISPANIC/LATINO(A)/SPANISH? (if yes, see worksheet on back) | 16. DECEDENT'S RACE – Up to 3 races may be listed (see worksheet on back) |
|---|---|---|
| HS GRADUATE | [X] YES MEXICAN | NO | MEXICAN |

| 17. USUAL OCCUPATION – Type of work for most of life, DO NOT USE RETIRED | 18. KIND OF BUSINESS OR INDUSTRY (e.g., grocery store, road construction, employment agency, etc.) | 19. YEARS IN OCCUPATION |
|---|---|---|
| WELDER | INDUSTRIAL METAL SHOP | 3 |

**USUAL RESIDENCE**

| 20. DECEDENT'S RESIDENCE (Street and number, or location) | 23. ZIP CODE | 24. YEARS IN COUNTY | 25. STATE/FOREIGN COUNTRY |
|---|---|---|---|
| 3400 RICHMOND PARKWAY #3711 | 94806 | 10 | CA |

| 21. CITY | 22. COUNTY/PROVINCE |
|---|---|
| SAN PABLO | CONTRA COSTA |

**INFORMANT**

| 26. INFORMANT'S NAME, RELATIONSHIP | 27. INFORMANT'S MAILING ADDRESS (Street and number or rural route number, city or town, state and zip) |
|---|---|
| IDALIA LOPEZ, WIFE | 3400 RICHMOND PARKWAY #3711, SAN PABLO, CA 94806 |

**SPOUSE/SRDP AND PARENT INFORMATION**

| 28. NAME OF SURVIVING SPOUSE/SRDP—FIRST | 29. MIDDLE | 30. LAST (BIRTH NAME) | |
|---|---|---|---|
| IDALIA | I. | LOPEZ | |

| 31. NAME OF FATHER/PARENT—FIRST | 32. MIDDLE | 33. LAST | 34. BIRTH STATE |
|---|---|---|---|
| ARIEL | | MUNOZ SR. | MEXICO |

| 35. NAME OF MOTHER/PARENT—FIRST | 36. MIDDLE | 37. LAST (BIRTH NAME) | 38. BIRTH STATE |
|---|---|---|---|
| MARTA | | GARCIA | MEXICO |

**FUNERAL DIRECTOR / LOCAL REGISTRAR**

| 39. DISPOSITION DATE mm/dd/ccyy | 40. PLACE OF FINAL DISPOSITION |
|---|---|
| 03/24/2012 | ROLLING HILLS MEMORIAL PARK 4100 HILLTOP DR., RICHMOND, CA 94803 |

| 41. TYPE OF DISPOSITION(S) | 42. SIGNATURE OF EMBALMER | 43. LICENSE NUMBER |
|---|---|---|
| BU | ▶ ALEX GAYLOR | EMB7019 |

| 44. NAME OF FUNERAL ESTABLISHMENT | 45. LICENSE NUMBER | 46. SIGNATURE OF LOCAL REGISTRAR | 47. DATE mm/dd/ccyy |
|---|---|---|---|
| WILSON & KRATZER | FD195 | ▶ JANET BERREMAN, MD, MPH | 03/21/2012 |

**PLACE OF DEATH**

| 101. PLACE OF DEATH | 102. IF HOSPITAL, SPECIFY ONE | 103. IF OTHER THAN HOSPITAL, SPECIFY ONE |
|---|---|---|
| BERKELEY FORGE AND TOOL | IP / ER/OP / DOA | Hospice / Nursing Home/LTC / Decedent's Home / Other [X] |

| 104. COUNTY | 105. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number, or location) | 106. CITY |
|---|---|---|
| ALAMEDA | 1330 SECOND STREET | BERKELEY |

**CAUSE OF DEATH**

| 107. CAUSE OF DEATH (Enter the chain of events — diseases, injuries, or complications — that directly caused death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE.) | Time Interval Between Onset and Death | 108. DEATH REPORTED TO CORONER? |
|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) (A) ▶ BLUNT FORCE TRAUMA TO THE HEAD WITH PENETRATING FOREIGN BODY | SECS | [X] YES / NO |
| | | Coroner's Case Number 2012-00287 |
| Sequentially, list conditions, if any, leading to cause on Line A. Enter UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) Last (B) | | 109. BIOPSY PERFORMED? YES / [X] NO |
| (C) | | 110. AUTOPSY PERFORMED? [X] YES / NO |
| (D) | | 111. USED IN DETERMINING CAUSE? [X] YES / NO |

| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 |
|---|
| NONE |

| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? (If yes, list type of operation and date.) | 113A. IF FEMALE, PREGNANT IN LAST YEAR? YES / NO |
|---|---|
| NO | |

**PHYSICIAN'S CERTIFICATION**

| 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE AND PLACE STATED FROM THE CAUSES STATED. | 115. SIGNATURE AND TITLE OF CERTIFIER | 116. LICENSE NUMBER | 117. DATE mm/dd/ccyy |
|---|---|---|---|
| Decedent Attended Since / Decedent Last Seen Alive mm/dd/ccyy | ▶ | | |
| | 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE | | |

| 119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. | 120. INJURED AT WORK? | 121. INJURY DATE mm/dd/ccyy | 122. HOUR (24 Hours) |
|---|---|---|---|
| | [X] YES / NO / UNK | 03/15/2012 | 2219 |

| 123. MANNER OF DEATH | Natural / [X] Accident / Homicide / Suicide / Pending Investigation / Could not be determined |
|---|---|

**CORONER'S USE ONLY**

| 123. PLACE OF INJURY (e.g., home, construction site, wooded area, etc.) |
|---|
| INDUSTRIAL METAL SHOP |

| 124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) |
|---|
| STRUCK IN HEAD WITH BROKEN GRINDER WHEEL |

| 125. LOCATION OF INJURY (Street and number, or location, and city, and zip) | 127. DATE mm/dd/ccyy | 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER |
|---|---|---|
| 1330 SECOND STREET, BERKELEY, CA 94703 | 03/19/2012 | ANTHONY GOGNA, DEPUTY CORONER |

| 126. SIGNATURE OF CORONER / DEPUTY CORONER |
|---|
| ▶ ANTHONY GOGNA |

| STATE REGISTRAR | A | B | C | D | E | *010001002019276* | FAX AUTH # | CENSUS TRACT |
|---|---|---|---|---|---|---|---|---|

This is to certify that this document is a true copy of the official record
filed with the City of Berkeley.
Janet M. Berreman, MD, MPH, Local Registrar and Health Officer

by: _JM Berreman_

LOCAL REGISTRAR AND HEALTH OFFICER          DATE ISSUED

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.



*00041153 5*
MAR 29 2012



Romero, Sandra
1082 East Meta Street
Ventura, CA  93001

## Superior Court of California, County of Alameda
## Hayward Hall of Justice

| | |
|---|---|
| Estate of Ariel Munoz Garcy, <br> Plaintiff/Petitioner(s) <br><br> VS. <br><br><br> Top Cat Air Tools, an Ohio C <br> Defendant/Respondent(s) <br> (Abbreviated Title) | No. HG14717301 <br><br> Application Re: Appointment of <br> Guardian Ad Litem Granted |

The Court finds that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

The Court orders that Joceline Betzabec Galvan Reyes is hereby appointed as the guardian ad litem for Uziel Ernesto Munoz Galvan for the reasons set forth in item 5 of the application.

Dated:  03/19/2014

_A. Kaus_

Judge Stephen Kaus

Romero, Sandra
1082 East Meta Street
Ventura, CA  93001

## Superior Court of California, County of Alameda
## Hayward Hall of Justice

| | |
|---|---|
| Estate of Ariel Munoz Garcy, | No. HG14717301 |
| Plaintiff/Petitioner(s) | |
| VS. | Application Re: Appointment of Guardian Ad Litem Granted |
| Top Cat Air Tools, an Ohio C | |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

The Court finds that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

The Court orders that Joceline Betzabec Galvan Reyes is hereby appointed as the guardian ad litem for Ariel Enrique Munoz Galvan for the reasons set forth in item 5 of the application.

Dated: 03/19/2014

_____
Judge Stephen Kaus

Romero, Sandra
1082 East Meta Street
Ventura, CA   93001

## Superior Court of California, County of Alameda

| Estate of Ariel Munoz Garcy, | Plaintiff/Petitioner(s) | No. HG14717301 |
|---|---|---|
| VS. | | **NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER** |
| Top Cat Air Tools, an Ohio C | Defendant/Respondent(s) | Unlimited Jurisdiction |
| (Abbreviated Title) | | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: **07/28/2014**<br>Time: **03:00 PM** | Department: **514**<br>Location: **Hayward Hall of Justice**<br>**2nd Floor**<br>**24405 Amador Street, Hayward  CA  94544**<br>Internet: **http://www.alameda.courts.ca.gov** | Judge: **Stephen Kaus**<br>Clerk: **Kriste Stewart**<br>Clerk telephone: **(510) 690-2723**<br>E-mail:<br>**Dept.514@alameda.courts.ca.gov**<br>Fax: **(510) 267-1584** |
|---|---|---|

### ORDERS

1. You must:
   a. **Serve all named defendants and file proofs of service** on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. **Give notice** of this conference to any party not included in this notice and file proof of service;
   c. **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d. **File and serve** a completed Case Management Statement (use of Judicial Council Form CM-110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)*

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person† (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

* Case Management Statements may be filed by E-delivery, by emailing them to the following address: EDelivery@alameda.courts.ca.gov. No fee is charged for this service. For further information, go to **Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb.**
   † Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/18/2014.

By _____
                                    Digital

Deputy Clerk

# Superior Court of California, County of Alameda



## Notice of Assignment of Judge for All Purposes

Case Number: HG14717301
Case Title:     Estate of Ariel Munoz Garcy, VS Top Cat Air Tools, an Ohio C
Date of Filing: 03/13/2014

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **Stephen Kaus** |
| **Department:** | **514** |
| **Address:** | **Hayward Hall of Justice** |
| | **24405 Amador Street** |
| | **Hayward  CA  94544** |
| **Phone Number:** | **(510) 690-2723** |
| **Fax Number:** | **(510) 267-1584** |
| **Email Address:** | **Dept.514@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

**NOTICE OF NONAVAILABILITY OF COURT REPORTERS:** Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

Counsel (or a self-represented party) should submit Case Management Statements in compliance with CRC 3.725 on Judicial Council Form CM-110 that, most importantly, inform the court of (1) the status of the case, (2) what counsel believes should occur at the Case Management Conference and (3) when the case will be ready for ADR or trial. Statements

that discovery will be "per code" are not helpful except for expert discovery. Counsel are encouraged to reach agreement on these matters or specifically inform the court of areas of agreement and areas of disagreement.

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

## General Procedures

Following assignment of a civil case to a specific department, all pleadings must be filed at the court facility where that department is located. The René C. Davidson Courthouse is the filing location for departments situated in the Alameda County Administration Building and the United States Post Office (see Local Rule, rule 1.9(d) effective as of 01/01/2013). All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Stephen Kaus
DEPARTMENT 514

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

You may schedule case management hearings, law & motion hearings and other calendar events with Department 514 by e-mail. The use of e-mail is not a subsitutute for filing pleadings or filing other documents. You must provide copies of all email communications to each party (or party's attorney if the party is represented) at the same time that you send the e-mail to the Court and you must show that you have done so in your e-mail.

Courtesy copies of all moving, opposition and reply papers should be delivered directly to Department 514 at the Hayward Hall of Justice.

## Schedule for Department 514

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions. Commencing January 1, 2014, all Case Management Conferences, Law & Motion and Exparte matters will be heard at 3:00 p.m.

- Trials generally are held: Mondays through Fridays at 9:00 a.m.

- Case Management Conferences are held: Mondays and Wednesdays at 2:30 p.m.

- Law and Motion matters are heard: Tuesdays and Thursdays at 2:30 p.m.

- Settlement Conferences are heard: Fridays at 2:30 p.m.

- Ex Parte matters are heard:  Tuesdays and Thursdays at 2:30 p.m.
- Parties should check DOMAIN for tentative rulings and tentative case management orders. Tentative rulings for case management conferences can be viewed in the Register of Actions. The tentative ruling will become the order of the court if there is no appearance by any party. Any party intending to submit to a tentative ruling should contact all other parties before not appearing and may reach agreement that all counsel will submit to the tentative ruling or that one party to speak for itself and others.
- Telephonic appearances through court call are encouraged for routine matters and will be accommodated to the extent possible. However, for significant contested substantive motions, counsel should consider appearing in person.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
    Email:         Dept.514@alameda.courts.ca.gov

- Ex Parte Matters
    Email:         Dept.514@alameda.courts.ca.gov

## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 514
- Phone:  1-866-223-2244

Dated:  03/17/2014

Facsimile

_Winifred Y. Smith_

Presiding Judge,
Superior Court of California, County of Alameda

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/18/2014

By        _[signature]_

Digital

_____

Deputy Clerk



## Alameda County
### SUPERIOR COURT

The Superior Court of California, County of Alameda is offering

# PREMIUM FAX FILING

- **Effective October 28, 2013**
  - The Court Now Offers
    ## Premium Fax Filing



FILED
ALAMEDA COUNTY
OCT 2 8 2013
CLERK OF THE SUPERIOR COURT

- **Key Features**
  - ✓ Same Day Service
    - Documents Received by 2:30pm Filed Same Day
    - Filed Documents Viewable Online Same Day
  - ✓ File your document without traveling to the courthouse
  - ✓ No standing in line
  - ✓ Save time

- **What's Needed**
  1. **Cover Sheet:**
     - Judicial Council Facsimile Transmission Cover Sheet
       - ■ JC form MC-005 must be the first page for each case filing
       - ■ Form can be found at www.alameda.courts.ca.gov
  2. **Fee:** The fee is **$1.50** per page
  3. Send to Premium Fax Filing Number: **510.267.5739**
  4. **Questions?:**
     - CMarin@alameda.courts.ca.gov

# Exhibit B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>United Abrasives, Inc., Top Cat Air Tools and/or T.C. Service Company and Does 1-25 Inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>Idalia Lopez, individually and as Guardian ad Litem for Brian Daniel Munoz Lopez, a minor, and Genesis Issela Munoz Lopez, a minor | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*<br><br>ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>MAR 17 2014<br><br>CLERK OF THE SUPERIOR COURT<br>By Ciceli Johnson<br>Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil ca se. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Alameda County Superior Court<br><br>1225 Fallon Street<br>Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso):*<br>RG 14717670 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Fernando F. Chavez, 1530 The Alameda, Suite 301 San Jose, CA 95126, 408-971-3903

| | | | |
|---|---|---|---|
| DATE: March 17, 2014<br>*(Fecha)* | Leah T. Wilson | Clerk, by<br>*(Secretario)* Ciceli Johnson | , Deputy<br>*(Adjunto)* |

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| | |
|---|---|
| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served<br>1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>3. ☒ on behalf of *(specify):* T.C. Service Company<br><br>under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)<br>        ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)<br>        ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)<br>        ☒ other *(specify):* CCP 415.95 Business Organization, Form Unknown<br>4. ☑ by personal delivery on *(date):* |

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

FERNANDO F. CHAVEZ, ESQ. SBN. 86902
FERNANDO F. CHAVEZ A LAW CORPORATION
1530 THE ALAMEDA, SUITE 301
SAN JOSE, CA 95126

TELEPHONE NO.: 408/971-3903　　FAX NO.: 408/971-0117
ATTORNEY FOR (Name): Idalia Lopez, Brian Lopez, Genesis Lopez

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 FALLON STREET
MAILING ADDRESS:
CITY AND ZIP CODE: OAKLAND, CA 94612
BRANCH NAME: RENE C. DAVIDSON COURTHOUSE

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

MAR 1 7 2014

CLERK OF THE SUPERIOR COURT
Ciceli Johnson
By _____ Deputy

CASE NAME:
Lope et. al. v. United Abrasives, Inc. et. al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | RG14717670 JUDGE: DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☑ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action (specify):
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 17, 2014

Fernando F. Chavez
(TYPE OR PRINT NAME)　▶　(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |

1   Fernando F. Chavez, Esq. SBN 86902
LAW OFFICES OF FERNANDO F. CHAVEZ
1530 The Alameda, #301, San Jose, CA 95126
2   Phone: (408) 971-3903, Fax: (408) 971-0117
Ffchavez1530@gmail.com

3   Attorney for Plaintiffs

ENDORSED
FILED
ALAMEDA COUNTY

MAR 1 7 2014

CLERK OF THE SUPERIOR COURT
By
Cicell Johnson Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| Idalia Lopez, individually and as Guardian ad Litem for Brian Daniel Munoz Lopez, a minor, and Genesis Issela Munoz Lopez, a minor,<br><br>        Plaintiffs,<br><br>    v.<br><br>United Abrasives, Inc.; Top Cat Air Tools and / or T.C. Service Company; and DOES 1- 25, inclusive.<br><br>        Defendants. | Complaint for Damages:<br>WRONGFUL DEATH<br><br>1.   Strict Products Liability<br>2.   Negligence<br>3.   Breach of Express and Implied Warranties<br><br>RG 14717670<br><br>DEMAND FOR JURY TRIAL |

The Plaintiffs, IDALIA LOPEZ, individually and as Guardian ad Litem for Brian Daniel Lopez, a minor, and Genesis Issela Munoz Lopez, a minor, by the undersigned attorney, as and for this Complaint, herein alleges as follows:

**THE PARTIES**

Plaintiffs are informed and believe and allege herein as follows:

Decedent ARIEL MUNOZ-GARCIA ("MUNOZ" and/or "Decedent" hereinafter) was killed on March 15, 2012.  At the time of his death, MUNOZ was a bystander or non-user of

Complaint for Damages Lopez et. al. v. United Abrasives, Inc. et. al. Case No.

1

1.  Defendant UNITED ABRASIVES, INC. (hereinafter referred to as "United Abrasives") is a foreign corporation organized under the laws of the State of New York with its principle address and Manufacturing Headquarters at 185 Boston Post Rd, North Windham, CT 06256.

2.  Defendant United Abrasives designed, manufactured, tested, and/or sold or otherwise placed into commerce the subject Abrasive Product, Saitech, Type 27, Abrasive Wheel (hereinafter referred to as "Wheel") into the stream of commerce pursuant to California Law.

3.  Defendant United Abrasives conducts business in California, derives substantial revenue from its marketing and service efforts in California and is subject to personal jurisdiction in California.  Furthermore, Defendant United Abrasives committed torts within the state of California by placing a defective or unreasonably dangerous product into the marketplace that it knew or should have known was likely to cause serious injury to consumers in California.

4.  Defendant Top Cat Air Tools and/or T.C. Service Company (Collectively hereinafter referred to as "Top Cat") is a foreign corporation organized under the laws of the State of Ohio, with its principle address at 38285 Pelton Road, Willoughby, OH 44094.

5.  Defendant Top Cat and/or T.C. Service Company, designed, fabricated, produced, assembled or otherwise processed the Product in issue as the manufacturer of the product, and placed the Product described as the Top Cat Horizontal Grinder, Model 5201 BH Series, Serial Number 09000377 (hereinafter referred to as "Grinder") into the stream of commerce pursuant to California law.

6.  Defendant Top Cat conducts business in California and is subject to personal jurisdiction in California and derives substantial revenue from its marketing and service efforts in California.  Furthermore, Defendant Top Cat committed torts within the state of California

Complaint for Damages Lopez et. al. v. United Abrasives, Inc. et. al. Case No.

2

1   by placing a defective or unreasonably dangerous product into the marketplace that it knew or

2   should have known was likely to cause serious injury to consumers in California.

       7.    Doe Defendants 1 through 25, inclusive, are sued under fictitious names.

3   Plaintiffs are ignorant of the true names and capacities of those defendants sued herein as

4   DOES 1-25 inclusive, and therefore sues said defendants by such fictitious names.  Plaintiff

5   will amend this complaint to allege the true names and capacities of said fictitiously sued

    defendants when they have been ascertained.

6       8.    Plaintiffs are informed and believe and thereon allege that each fictitiously

7   named defendant herein is legally responsible in some manner for the acts alleged herein.

       9.    Plaintiffs are informed and believe and thereon allege that each of the

8   defendants, including those designated as a DOE, are negligently, consciously, willfully,

9   intentionally, knowingly, recklessly or otherwise tortuously, or legally responsible in some

10   manner for the events and happenings herein referred to and negligently, consciously, willfully,

    intentionally, knowingly, recklessly or otherwise tortuously caused the injuries and damages

11   proximately thereby to plaintiffs as hereinafter alleged, either through said defendants own

12   conduct, or through the conduct of their agents, servants or employees, and each of them, or

    through said defendants' design, manufacture, sale, and distribution, of the "Grinder" and/or

13   the "Wheel" which was being used at the time of the accident and caused the death of ARIEL

14   MUNOZ-GARCIA.

       10.   Plaintiff IDALIA LOPEZ was the putative spouse and the mother of two of

15   Decedent's children, BRIAN DANIEL MUNOZ LOPEZ, a minor, and GENESIS ISSELA

16   MUNOZ LOPEZ, a minor.

17

Complaint for Damages Lopez et. al. v. United Abrasives, Inc. et. al. Case No.

3

11.     Plaintiff BRIAN DANIEL MUNOZ LOPEZ, a minor, brings this claim by and through his mother and Guardian Ad Litem, Plaintiff IDALIA LOPEZ. At all times mentioned herein, BRIAN DANIEL MUNOZ was and is domiciled and a resident of Alameda County, California.

12.     Plaintiff GENESIS ISSELA MUNOZ LOPEZ, a minor, brings this claim by and through her mother and Guardian Ad Litem, Plaintiff IDALIA LOPEZ. At all times mentioned herein, GENESIS ISSELA MUNOZ LOPEZ was and is domiciled and a resident of Alameda County, California.

13.     Defendants and each of them were at all times herein, engaged in the business of selling the "Grinder" and/or the "Wheel", or component parts, at retail to members of the general public in Alameda County, California, or were otherwise in the chain of distribution of the "Wheel", and the "Grinder", manufactured, designed, and assembled by Defendants United Abrasives and Top Cat and Does 1-25 inclusive.

14.     Defendants and each of them were at all times herein mentioned, engaged in the business of designing, manufacturing, testing, or installing component parts of the subject product described as the *Top Cat Horizontal Grinder, Model 5201 BH Series, Serial Number 09000377* manufactured, designed, and assembled by Defendant Top Cat, that was intended or reasonably expected to be sold in Alameda County, California.

15.     Defendants and each of them were at all times herein mentioned, engaged in the business of selling the product at retail to members of the general public in Alameda County, California, or were otherwise in the chain of distribution of the product described as the *Abrasive Product, Saitech, Type 27, Abrasive Wheel* manufactured, designed, and assembled by Defendant United Abrasives.

Complaint for Damages Lopez et. al. v. United Abrasives, Inc. et. al. Case No.

4

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, for each claim for relief as follows:

## FIRST CLAIM FOR RELIEF

## STRICT PRODUCTS LIABILITY

### Against All Defendants, United Abrasives, Top Cat, and Does 1-25 Inclusive

16.    Plaintiffs incorporate by reference paragraphs 1 through 15.

17.    At the time of the incident on March 15, 2012, the "Grinder" and the "Wheel" were in substantially the same condition as they were at the time the "Grinder" and the "Wheel" left the manufacturer and/or seller.

18.    Defendants and each of them, were at all times herein mentioned engaged in the business of designing, manufacturing, and assembling the Grinder and/or the Wheel for sale and use by members of the general public, and as a part of its business Defendants United Abrasives and Top Cat and Does 1-25 inclusive, designed, manufactured and assembled the specific Grinder and/or Wheel by way of its nature that caused the death of MUNOZ as referenced herein.

19.    Defendants and each of them intended that the subject Grinder and/or Wheel, designed, manufactured and assembled by them to be used for the purpose for which it was being used at the time of the disintegration that caused the death of MUNOZ.

20.    Defendants and each of them, were at all times herein mentioned, engaged in the business of selling at retail to members of the general public in Alameda County, California, the hereinabove described Grinder and/or Wheel manufactured, designed, and assembled by Defendants and each of them.

Complaint for Damages Lopez et. al. v. United Abrasives, Inc. et. al. Case No.

5

21.     At all times herein mentioned, Defendants and each of them knew that their Grinder and/or Wheel would be purchased by members of the public and used by the purchasers and others without inspection for defects.

22.     The Grinder and/or Wheel was in a defective condition at the time Grinder and /or Wheel left the control of the Defendants and each of them. The Grinder and/or Wheel was defective in their design, and/or manufacturing, and/or warning or instruction.

23.     The defective condition of the Grinder and/or Wheel rendered them unsafe for ordinary, normal and/or anticipated or reasonably foreseeable use of the Grinder and/or Wheel.

24.     At the time of injury, the co-worker, Maikel Olivera Rodriguez was using the Grinder and Wheel in the expected or normal manner or in a manner reasonably foreseeable or in a manner anticipated by or that should have been anticipated or reasonably foreseeable by Defendants and each of them. The subject Grinder and Wheel failed to perform as safely as an ordinary consumer would expect when used in the reasonably foreseeable manner and consequently failed to meet the expectations of the ordinary consumer.

25.     The risk of danger inherent in the design of the subject Grinder and/or Wheel outweighs the benefits of such design.

26.     In the alternative, the subject Grinder and/or Wheel contained a manufacturing defect when they left the possession of Defendants and each of them.

27.     The manufacturing defect in the Grinder and/or Wheel was a substantial cause of the disintegration of the Grinder and/or Wheel that directly caused the death of MUNOZ and Plaintiffs' damages.

28.     In the alternative, the subject Grinder and/or Wheel were defective in that they lacked sufficient or adequate warnings or instructions that prevented the Grinder and/or Wheel

Complaint for Damages Lopez et. al. v. United Abrasives, Inc. et. al. Case No.

6

from being used safely and created an unreasonable risk to the consumer, and bystanders such as MUNOZ.

29.     Use of the subject Grinder and/or Wheel had potential risks that were known or knowable to Defendants and each of them, and the potential risks associated with the Grinder and/or Wheel's use presented a substantial danger when the subject Grinder and/or Wheel is used or misused in an intended or reasonably foreseeable way.

30.     Ordinary consumers, such as MUNOZ and/or co-worker, Maikel Olivera Rodriguez would not and did not recognize the potential risks of use of the subject Grinder and/or Wheel in the manner they were being used at the time of the subject incident and the Grinder and/or Wheel failure.

31.     Defendants and each of them, failed to adequately warn or instruct of the potential risks associated with the use of the Grinder and/or Wheel, rendering them defective.

32.     The defective condition of the Grinder and/or Wheel (whether due to a design defects, manufacturing defects, or defects in the warnings and instructions) was a proximate and substantial cause of the death of MUNOZ and Plaintiffs' damages.

33.     Plaintiffs have sustained damages including, but not limited to, funeral and burial expenses, lost income, the value of household services, loss of anticipated financial support, and loss: of love, care, comfort, society, attention, affection, moral support, and guidance.

## SECOND CLAIM FOR RELIEF

### NEGLIGENCE
### Against All Defendants, United Abrasives, Top Cat, and Does 1-25 Inclusive

34.     Plaintiffs incorporate by reference paragraphs 1 through 33.

Complaint for Damages Lopez et. al. v. United Abrasives, Inc. et. al. Case No.

35.     Defendants and each of them, owed a duty to foreseeable bystanders, such as the Decedent MUNOZ, to use the amount of care in designing, manufacturing, inspecting, testing, installing the Grinder and/or Wheel that a reasonably careful designer, manufacturer, supplier, tester, or installer would use in similar circumstances to avoid exposing others to a foreseeable risk of harm.

36.     Defendants and each of them, designed, manufactured, supplied, installed, inspected or tested the Grinder and/or Wheel.

37.     Defendants and each of them failed to meet their duty and were negligent in designing, manufacturing, supplying, installing, or testing the Grinder and/or Wheel, rendering it dangerous.

38.     Decedent MUNOZ was killed as a bystander as a direct result of the failure of the Grinder and/or Wheel.

39.     The negligent conduct of Defendants and each of them was a substantial factor in causing the death of MUNOZ and Plaintiffs' damages.

40.     The negligent conduct of Defendants and each of them resulted in the dangerous Grinder and/or Wheel being the proximate cause of the death of MUNOZ and Plaintiffs' damages.

41.     Plaintiffs have sustained damages including, but not limited to, funeral and burial expenses, lost income, the value of household services, loss of anticipated financial support, and loss: of love, care, comfort, society, attention, affection, moral support, and guidance.

//

//

Complaint for Damages Lopez et. al. v. United Abrasives, Inc. et. al. Case No.

8

1

## THIRD CLAIM FOR RELIEF

2

**BREACH OF EXPRESS AND IMPLIED WARRANTIES**
**Against All Defendants, United Abrasives, Top Cat, and Does 1-25 Inclusive**

3

42.     Plaintiffs incorporate by reference paragraphs 1 through 41.

4

43.     Defendant's and each of them impliedly warranted to Decedent MUNOZ,

5

pursuant to California Comm. Code § 2314 and California common law, that the Grinder

and/or Wheel and its component parts were merchantable, safe and fit for ordinary purposes.

6

Defendants and each of them are merchants with respect to goods of the kind involved in this

7

incident.  The Grinder and/or Wheel, the component parts of the Grinder and/or Wheel, and

therefore the Grinder and/or Wheel were defective, and therefore the Grinder and/or Wheel

8

were not, in fact, merchantable, safe and fit as warranted by Defendants and each of them.

9

Defendants and each of them therefore breached these warranties to MUNOZ.

10

44.     As a direct and proximate result of Defendants and each of them said breaches

of warranties MUNOZ was killed and Plaintiffs suffered damages.

11

45.     Defendants and each of them impliedly warranted to Decedent MUNOZ,

12

pursuant to California Comm. Code § 2314 and California common law, that the Grinder

and/or Wheel and its component parts were merchantable, safe and fit for ordinary purposes.

13

Defendants and each of them are merchants with respect to goods of the kind involved in this

14

incident. The Grinder and/or Wheel, component parts of the Grinder and/or Wheel, and the

15

product warnings and instructions were defective, and therefore the Grinder and/or Wheel were

not, in fact, merchantable, safe and fit as warranted by Defendants and each of them.

16

Defendants and each of them therefore breached these warranties to MUNOZ.

17

46.     As a direct and proximate result of Defendants and each of them said breaches

Complaint for Damages Lopez et. al. v. United Abrasives, Inc. et. al. Case No.

9

of warranties, MUNOZ was killed and Plaintiffs suffered damages.

**47.** Plaintiffs have sustained damages including, but not limited to, funeral and burial expenses, lost income, the value of household services, loss of anticipated financial support, and loss: of love, care, comfort, society, attention, affection, moral support, and guidance.

## **PRAYER**

WHEREFORE, Plaintiff respectfully requests that Defendants be cited to appear and answer herein and that at trial they be awarded:

1. All special damages, including past and future medical bills and healthcare care costs, loss of future earnings, loss of earning capacity, loss of past and future benefits, loss of household services and all other economic and special damages in a sum to be determined according to proof at time of trial;

2. All general damages, including but not limited to pain and suffering, emotional distress, scarring, disfigurement, inability to engage in usual life activities and all other non-economic, general damages in a sum to be determined according to proof at time of trial;

3. Loss of earnings and earnings capacity damages;

4. Loss of consortium damages;

5. Pre-judgment and post-judgment interest according to proof;

6. Costs of suit incurred herein; and,

7. Such other and further relief to which they may show themselves justly entitled.

//

//

Complaint for Damages Lopez et. al. v. United Abrasives, Inc. et. al. Case No.

10

1    Dated: March 17, 2014

2                          FERNANDO F. CHAVEZ, A LAW CORPORATION

3                          By: _____
                           FERNANDO F. CHAVEZ, ESQ.
                           ATTORNEY FOR PLAINTIFF
4

5

6

7

8

9

10

11

12

13

14

15

16

17

Complaint for Damages Lopez et. al. v. United Abrasives, Inc. et. al. Case No.

11

1

## DEMAND FOR JURY TRIAL

2        Plaintiff hereby demands a trial by jury in the above-entitled action.

3   Dated: March 17, 2014

4                                      FERNANDO F. CHAVEZ, A LAW CORPORATION

5                                      By: _____
                                       FERNANDO F. CHAVEZ, ESQ.
                                       ATTORNEY FOR PLAINTIFF

6

7

8

9

10

11

12

13

14

15

16

17

Complaint for Damages Lopez et. al. v. United Abrasives, Inc. et. al. Case No.

12

Fernando F. Chavez, A Law
Corporation
Attn: Chavez, Fefernando F
1530 The Alameda
Suite 301
San Jose, CA 95126

RECEIVED
APR 2 2014
By_____

## Superior Court of California, County of Alameda

Lopez

**Plaintiff/Petitioner(s)**

vs.

United Abrasives, Inc

**Defendant/Respondent(s)**
(Abbreviated Title)

No. <u>RG14717670</u>

**NOTICE OF CASE MANAGEMENT
CONFERENCE AND ORDER**
Unlimited Jurisdiction

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: **07/30/2014**<br>Time: **09:00 AM** | Department: **24**<br>Location: **Administration Building**<br>**Third Floor**<br>**1221 Oak Street, Oakland CA 94612**<br>Internet: **http://www.alameda.courts.ca.gov** | Judge: **Frank Roesch**<br>Clerk: **Adeline Kanae**<br>Clerk telephone: **(510) 267-6940**<br>E-mail:<br>**Dept.24@alameda.courts.ca.gov**<br>Fax: **(510) 267-1509** |

### ORDERS

1. You must:
   a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. **Give notice** of this conference to any party not included in this notice and file proof of service;
   c. **Meet and confer,** in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d. **File and serve** a completed Case Management Statement (use of Judicial Council Form CM-110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)*

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person† (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

* Case Management Statements may be filed by E-delivery, by emailing them to the following address: **EDelivery@alameda.courts.ca.gov**. No fee is charged for this service. For further information, go to **Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb.**

†Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/20/2014.

By

Deputy Clerk

**Superior Court of California, County of Alameda**



**Notice of Assignment of Judge for All Purposes**

Case Number: RG14717670
Case Title:    Lopez VS United Abrasives, Inc
Date of Filing: 03/17/2014

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **Frank Roesch** |
| **Department:** | **24** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland  CA  94612** |
| **Phone Number:** | **(510) 267-6940** |
| **Fax Number:** | **(510) 267-1509** |
| **Email Address:** | **Dept.24@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law. (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

**NOTICE OF NONAVAILABILITY OF COURT REPORTERS:** Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

**General Procedures**

Following assignment of a civil case to a specific department, all pleadings must be filed at the court facility where that department is located. The René C. Davidson Courthouse is the filing location for departments situated in the Alameda County Administration Building and the United States Post Office (see Local Rule, rule 1.9(d) effective as of 01/01/2013). All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Frank Roesch
DEPARTMENT 24

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

(1) Meet and Confer Requirements are STRICTLY enforced in Discovery Disputes. Counsel are reminded of their duty to act professionally and respectfully. (2) An informal discovery resolution process is provided for represented parties. Contact the clerk for details. (3) Courtesy Copies delivered directly to Dept 24 are required for Summary Judgment/Adjudication Motions and Anti-SLAPP motions only. If said filing collectively measures THREE inches, please deliver the Courtesy Copy in Three-Inch Binders separated with tabs and indexed. (4) DATES: email is preferred for scheduling. Court is in session all day and cannot respond adequately to phone calls. (5) Other than for scheduling matters, parties MUST COPY all sides when communicating via email with the Court. Email is NOT a substitute for filing pleadings/documents. Further, parties are reminded that the Court Clerk MAY NOT provide legal advice. (6) Self-represented parties are encouraged to use the Self-Help Center at RCD.

**Schedule for Department 24**

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions. Parties must confer on agreeable dates consistent with the court's schedules before contacting the clerk to reserve a date. Email request will result in a faster response.

- Trials generally are held: Mondays through Thursdays at 9 a.m. Trial Readiness Conference set about 10 days prior to trial on Fridays at 10 am. Compliance with Local Rule 3.35 and personal appearance of trial counsel required on that date.

- Case Management Conferences are held: Mon and Wed at 9 a.m. Special sets on Fridays at 9 a.m. Tentative orders posted in advance. If agreeable to ALL, may submit assent via JOINT email to Court and order will usually issue without appearance.

- Law and Motion matters are heard: Tues and Thurs at 3:45 p.m. Contact the clerk to reserve a date before filing any law and motion matters. For Tentative Rulings, compliance with Local Rule 3.30(c) is required. To contest a ruling, call or e-mail Dept. 24 in a timely manner.

- Settlement Conferences are heard: MSC may be set, but court resources are limited. Counsel are encouraged to consider alternative dispute resolution options. MSC will be specially set when deemed appropriate.

- Ex Parte matters are heard: Mondays and Wednesdays at 4 p.m. Contact the clerk to reserve a date and time before noticing any party.

- Collection trials, prove-up hearings, and orders of examination set on Fridays at 2 pm.

- In all matters, Counsel are expected to be familiar with the Statement of Professionalism and Civility published by the Alameda County Bar Association (www.acbanet.org).

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
    Email:     Dept.24@alameda.courts.ca.gov

    Email Requests for Law & Motion hearing dates. Include: (1) Case Name; (2) Case Number; (3) Title of Motion; (4) Moving Party.

- Ex Parte Matters
    Email:     Dept.24@alameda.courts.ca.gov

## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 24
- Phone: 1-866-223-2244

Dated: 03/19/2014

_Winifred Y. Smith_ Facsimile

Presiding Judge,
Superior Court of California, County of Alameda

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/20/2014

By _____
digital

Deputy Clerk