United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IDALIA LOPEZ, *et al.*, | No. C-14-2780 EMC |
| Plaintiffs, | No. C-14-2840 EMC |
| v. | **CONSOLIDATED CASES** |
| UNITED ABRASIVES, *et al.*, | |
| Defendants. _____/ | **SUPPLEMENTAL BRIEFING ORDER REGARDING MOTION TO APPROVE MINORS' COMPROMISE** |
| ESTATE OF ARIEL MUNOZ GARCIA, *et al.* | |
| Plaintiffs, | **(Docket No. 47)** |
| v. | |
| TOP CAT AIR TOOLS, *et al.*, | |
| Defendants. _____/ | |

On September 3, 2015, Plaintiffs moved for the Court to approve a compromise of the legal claims of the decedent's minor children. Docket No. 47. This Court has "a special duty . . . to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Specifically in "the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (citation omitted). The Court must consider the fairness of the proposed settlement, and must specifically consider whether the

"proposed net recovery" of the minor plaintiffs "is fair and reasonable in light of the facts of the case, each minor's claims, and typical recovery by minor plaintiffs in similar cases." *Id.* at 1182.

Plaintiffs' petition does not currently shed light on all of the issues the Court should consider under Ninth Circuit law. For instance, Plaintiffs have not provided information regarding the "typical recovery" of minor plaintiffs in similar actions. Consequently, the Plaintiffs are hereby **ORDERED** to file a supplemental brief, not to exceed ten (10) pages in length, that further explains why the Court should approve this settlement. Among other things, the brief should explain the litigation risks that Plaintiffs face if this case is not settled, and provide sufficient data regarding comparable settlements of comparable claims. To the extent that Plaintiffs' submission might reveal attorney-work product or otherwise privileged information (e.g., a candid assessment of litigation risks if the case is not settled), such information can be filed under seal and *ex parte* by way of a separate declaration. Plaintiffs' brief should be filed no later than Friday, September 18, 2015. This Court will hold a hearing on this matter on September 24, 2015 at 1:30 p.m.

IT IS SO ORDERED.

Dated: September 9, 2015

_____
EDWARD M. CHEN
United States District Judge